347 So.2d 805 (1977)
Ruth MITCHELL, Petitioner,
v.
SCHOOL BOARD OF LEON COUNTY, Respondent.
No. Y-303.
District Court of Appeal of Florida, First District.
June 30, 1977.
Rehearing Denied July 29, 1977.
*806 Joseph C. Jacobs and Brian S. Duffy, Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for petitioner.
C. Graham Carothers and Michael Pearce Dodson, Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for respondent.
SMITH, Judge.
Ruth Mitchell petitions for review of action by the Leon County School Board adopting, on April 1, 1975, a staff reorganization plan which among other things discontinued several county-level positions in the Pupil Personnel Services Department and consolidated their functions. Among the positions terminated was supervisor of guidance and testing, in which Dr. Mitchell held a continuing contract at $19,435.29 per year. Another aspect of this matter was decided in School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977). Dr. Mitchell contends the Board's action was arbitrary and not justified by its ostensible purpose of economy; that the Board's action constituted rulemaking[1] in which the Board failed to comply with the APA requirement, since repealed, that a copy of proposed rules be filed with the Division of Administrative Hearings, Department of Administration (DOAH), 21 days before the intended action;[2] and that the Board erred in failing to afford Dr. Mitchell, as one whose substantial interests were to be determined, a Section 120.57(1) hearing.
The school code provided:
"(e) Each person to whom a continuing contract has been issued as provided herein shall be entitled to continue in his position or in a similar position in the district at the salary schedule authorized by the school board without the necessity for annual nomination or reappointment until such time as the position is discontinued, the person resigns or his contractual status is changed as prescribed below.
.....
"(g) Any person who has previously earned continuing contract status as a *807 supervisor or principal in the school district shall be continued in that status until such time as the position is discontinued, the person resigns, or his contractual status is changed by mutual agreement or as prescribed below." Section 231.36(3), Florida Statutes (Supp. 1974) (emphasis added).
There has been no showing that the Board acted arbitrarily, with impermissible motives, or otherwise in violation of the school code or Dr. Mitchell's contract by discontinuing the county position of supervisor of guidance and testing as part of reorganization for economy.[3] While the Board could not lawfully discontinue that position merely to evade Dr. Mitchell's tenured claim on it, and the stated economic justification for the action would be suspect if the position's former functions were assigned without others to a new position or divided between two new positions carrying more aggregated salary, those conditions do not appear here. The former functions of the supervisor of guidance and testing were divided and assigned to the new positions of coordinator of career guidance and counseling and coordinator of research and evaluation, which also absorbed functions of other discontinued positions. The reorganization was part of the Board's response to an anticipated reduction of revenue during the school year 1975-76 by three to five million dollars. While Dr. Mitchell's counsel asserted before the Board that "we feel [the reorganization plan] to be a subterfuge," no particulars were stated or substantiated.
Assuming without deciding that the entire reorganization plan, including elements not here mentioned, was of such general and pervasive applicability in the system's organization to constitute a rule, the Board's failure to file a copy of the proposed reorganization plan with DOAH, as then required by the APA, was neither fatal to the action nor prejudicial to Dr. Mitchell. Rule challenge proceedings were not self-starting under former Section 120.54(3), nor are they now. Sections 120.54(4),.56, Florida Statutes (Supp. 1976). Dr. Mitchell did not attempt to challenge the intended action by proceedings under the statute relied on, and the Board's failure to prefile with DOAH did not impair "the fairness of the proceedings or the correctness of the action."[4] It is not shown the Board acted without adequate notice to affected persons, Section 120.54(1). Dr. Mitchell was present and her protest was heard when the Board acted.
Dr. Mitchell made no request to the Board for a Section 120.57(1) trial of factual issues. Neither did she offer to demonstrate factual issues such as the superintendent's ulterior purpose to replace a supervisor by another with the same function at a lesser salary, or his desire to rid the system of one whose political or union activity he found offensive, to cite two hypothetical examples. Even now, urging that we exercise a reviewing court's prerogative to order a hearing when "the validity of the action depends upon disputed facts,"[5] Dr. Mitchell has made no substantial showing that there are material disputed facts. One whose substantial interests are to be affected by agency action, and who conceives a Section 120.57(1) hearing is necessary to protect those interests, must in rulemaking proceedings "affirmatively [demonstrate] to the agency that the proceeding does not provide adequate opportunity to protect those interests,"[6] make at least a colorable showing that "the proceeding involves *808 a disputed issue of material fact"[7] and, when agency rules so provide, request a hearing. Section 120.57(1)(b)1, Florida Statutes (Supp. 1976).[8]
The prayer of the petition for review and accompanying motion for a "fact-finding proceeding" are DENIED.
BOYER, C.J., and McCORD, J., concur.
NOTES
[1] Sec. 120.52(14), Fla. Stat. (Supp. 1976), in part defines a "rule" as "each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization of an agency... ."
[2] Sec. 120.54(3), Fla. Stat. (Supp. 1974) provided: "The adopting agency shall file a copy of each rule it proposes to adopt with [DOAH] at least 21 days prior to its intended action. If the proposed rule contains any provision not relating exclusively to organization, practice, or procedure, then any substantially affected person may seek an administrative determination of the validity of the proposed rule on the following grounds: that the proposed rule is an invalid exercise of validly delegated legislative authority; or, that the proposed rule is an exercise of invalidly delegated legislative authority. The request seeking a determination under this subsection shall be in writing and must be received within 14 days after the date of publication of the notice." This provision was repealed June 26, 1975. Ch. 75-191, Laws of Fla. (1975), § 120.54, Fla. Stat. (Supp. 1976).
[3] Dr. Mitchell's contract provided it "shall not operate to prevent discontinuance of a position as provided by law." The Board's power to discontinue positions derives from §§ 230.03(2), 230.22, 230.23(4), (5) and 230.35, Fla. Stat. (1975).
[4] "The court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure." Sec. 120.68(8), Fla. Stat. (Supp. 1976).
[5] Sec. 120.68(6), Fla. Stat. (Supp. 1976).
[6] Secs. 120.57, Fla. Stat. (Supp. 1974), 120.54(16), Fla. Stat. (Supp. 1976).
[7] Sec. 120.57 (Supp. 1974, 1976).
[8] This record does not reveal what, if any, Board rules of procedure may have required an affirmative request for a formal hearing. The Board rules are not otherwise readily available to us, because they need not be published in the Florida Administrative Code. Section 120.55(1)(b) provides that "Rules general in form but applicable to only one school district ... shall not be published in the Florida Administrative Code." The model rules adopted by the Department of Administration require a request for a Section 120.57(1) hearing. Fla. Admin. Code Rule 28-5.15.