ERVIN, Judge.
In this interlocutory appeal Tolar seeks reversal of the lower court’s order which *145 denied his motion for summary judgment. The parties are in agreement there is no genuine issue of material fact in dispute. Tolar brought an action seeking injunctive relief to set aside and declare void an action of the School Board of Liberty County which abolished his position as director of administration. He contends the Board’s decision was made during secret meetings, which culminated in the public decision of January 4, 1977 to terminate the position. The Board admits that a majority of its members agreed with the superintendent’s suggestion to so act at one of its non-public meetings, but argues that the legislature, in enacting the sunshine law, Section 286.-011(1), Florida Statutes (1975),[1] did not require that an otherwise proper formal action of a public body be invalidated because the subject of that formal action was discussed at a prior unannounced meeting.
We agree with the Board’s contention. Tolar’s position was created by the School Board. As such, it could be abolished within the Board’s discretion after proper notice was given to the affected party. The Board’s power to discontinue positions is derived from sections 230.03(2), 230.22, 230.23(4), (5) and 230.35, Fla.Stat. (1975). Tolar advances no argument that the Board acted arbitrarily, with impermissible motives or otherwise in violation of the school code. Compare Mitchell v. School Bd. of Leon Cty., 347 So.2d 805 (Fla. 1st DCA 1977). His sole argument is directed to an alleged violation of the sunshine law, and he relies primarily upon certain language in Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla.1974), which states:
One purpose of the government in the sunshine law was to prevent at nonpublic meetings the crystallization of secret decisions to a point just short of ceremonial acceptance.
$ * % sfc # ‡
Mere showing that the government in the sunshine law has been violated constitutes an irreparable public injury so that the ordinance is void ab initio. Times Publishing Co. v. Williams, 222 So.2d 470 (Fla.App.2d 1969). Florida Law Review, Government in the Sunshine by Ruth Mayes Barnes, Vol. XXIII, p. 369 (Winter 1971).
Unquestionably the action taken in secret was a technical violation of the statute which prohibits “any resolution, rule, regulation or formal action to be considered binding except as taken or made at such meeting.” (e.s.) Unlike statutes from other states, for example, Ark.Stat.Ann. § 12-2805 (1968); Cal. Gov’t Code § 54957 (West 1966), Section 286.011 does not except personnel matters from disclosure. The statute has been criticized as being overly broad in that regard.[2] In opening all personnel considerations to public observation, “innocent . . . personnel may be ruined for life or their character assassinated if hearings relating to charges of misconduct are aired publicly and prove to be ill-founded.” Times Publishing Co. v. Williams, 222 So.2d at 474. Absent any constitutional right of privacy considerations, cf. Laird v. State, 342 So.2d 962 (Fla.1977); News-Press Pub. Co. v. Wisher, 345 So.2d 646 (Fla.1977); Harless v. State ex rel. Schellenberg, 360 So.2d 83 (Fla. 1st DCA 1978), there appears to be no impediment to disclosure.
Notwithstanding the violation of the act’s . provisions, it should be noted that the author of the majority’s decision in Gradison, Justice Adkins, while dissenting in part to an earlier opinion of the court in Bassett v. *146 Braddock, 262 So.2d 425 (Fla.1972), concurred in that part of the court’s opinion holding valid an act of a school board which met in secret and elected a school board chairman. Later the Board held an open meeting and by voice vote ratified its prior action.[3] Justice Adkins’ concurrence stated:
Although in my judgment the election of the Chairman by secret ballot was contrary to the spirit and letter of the government in the sunshine law, the subsequent election of the Chairman by voice vote in this instance should not be upset. The reasons for this view is that regardless of the prior violation of the statute, the Board members were at liberty to choose a Chairman of their choice by voice vote at a public meeting. This action should not be disturbed, although it may well be argued that it is the fruit of the illegal prior action. Id. at 431.
Here the Board members were at liberty to abolish the position of director of administration by voice vote at a public meeting. Tolar was given both notice of the meeting and an opportunity to express his views prior to the vote. We do not feel that the Board’s decision should now be disturbed.
AFFIRMED.
MILLS, Acting C. J., and BOOTH, J., concur.

. Section 286.011(1) states:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation, or formal action shall be considered binding except as taken or made at such meeting.

. At least one commentator has suggested that the statute be amended by excluding from public disclosure deliberations concerning the appointment, employment, or dismissal of public officers. Kalil, Florida Sunshine Law, 49 Fla. Bar.J. 72, 79 (1975).

. Justice Dekle, in Bassett, speaking for the majority, wrote: “In this particular instance, any initial violation by secret written ballot was cured and rendered ‘sunshine bright’ by the corrective open, public vote which followed.” Id. at 428-429.