398 So.2d 427 (1981)
W.R. TOLAR, Petitioner,
v.
The SCHOOL BOARD OF LIBERTY COUNTY, Florida, a Body Corporate, Respondent.
No. 55623.
Supreme Court of Florida.
March 26, 1981.
Rehearing Denied June 11, 1981.
Robert J. Vossler, Tallahassee, for petitioner.
Clinton E. Foster, Panama City, for respondent.
ALDERMAN, Justice.
We have for review the decision of the District Court of Appeal, First District, in Tolar v. School Board of Liberty County, 363 So.2d 144 (Fla. 1st DCA 1978), which allegedly conflicts with Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974). The issue before us is whether section 286.011(1), Florida Statutes (1975), commonly known as the "Sunshine Law," requires that otherwise proper formal action of a public body be invalidated because the subject matter of that formal public action was discussed at a prior unannounced meeting. The district court held that invalidation of the proper formal action was not required, and we agree.
Tolar was employed by the School Board as director of administration. On at least two occasions in November and December of 1976, the superintendent-elect of schools in Liberty County met privately with some or all of the School Board members to discuss ideas on reorganization. Included in these discussions was the topic of removal of Tolar and the abolition of his position. On January 4, 1977, at an open formal meeting, the School Board members voted to abolish the position of director of administration and to transfer Tolar to Bristol Elementary School. At this open meeting, Tolar was present and given full opportunity to express his views.
Tolar then sought injunctive relief pursuant to section 286.011(2), seeking to have the School Board's final action set aside as void because, he alleged, it violated the sunshine law.
*428 Tolar's motion for summary judgment was denied, and he appealed to the district court, which affirmed. The district court acknowledged that the initial discussions in secret were a technical violation of the sunshine law, but, relying on our decision in Bassett v. Braddock, 262 So.2d 425 (Fla. 1972), it held that the subsequent Board action at a public meeting should not be disturbed because "[h]ere the Board members were at liberty to abolish the position of director of administration by voice vote at a public meeting. Tolar was given both notice of the meeting and an opportunity to express his views prior to the vote." Tolar v. The School Board of Liberty County, 363 So.2d at 146.
Section 286.011 provides that the meetings of the Board at which official acts are to be taken must be public. The intent of the act is to cover any gathering of the members of the Board where the members deal with some matter on which foreseeable action will be taken by the Board. Board of Public Instruction v. Doran, 224 So.2d 693 (Fla. 1969). We agree with the district court that the discussions between the superintendent-elect and the Board members at her home and the home of a board member were violative of section 286.011. By the express terms of section 286.011, any resolution, rule, regulation, or formal action taken at these secret meetings would not be binding.
Tolar relies primarily on Town of Palm Beach v. Gradison to support his position that the Board's action in abolishing his position should be voided. In Gradison, the citizen's planning committee which conducted its activities at nonpublic meetings was instrumental in the formulation of the comprehensive zoning plan which was perfunctorily adopted as a zoning ordinance by the town council at a public meeting. We held that this citizen's planning committee, which was chosen by the town council at a nonpublic administrative meeting, reached the status of a board or commission that, to act legally, must comply with the sunshine law. We further found that zoning ordinance, which was a summary approval of the recommendation of the planning committed culminating from its numerous and detailed secret meetings, was void ab initio. The formal action in Gradison was merely the crystallization of secret decisions.
In Gradison, we said:
The statute should be construed so as to frustrate all evasive devices. This can be accomplished only by embracing the collective inquiry and discussion stages within the terms of the statute, as long as such inquiry and discussion is conducted by any committee or other authority appointed and established by a governmental agency, and relates to any matter which foreseeable action will be taken.
296 So.2d at 477. This holding does not mean, however, that public final action of the Board will always be void and incurable merely because the topic of the final public action was previously discussed at a private meeting. Here the School Board held a public meeting and permitted discussion on the abolishing of the position of director of administration and, then by voice vote at a public meeting, decided to abolish this position. This action taken in the sunshine will not now be voided.
Subsequent to Gradison, in Occidental Chemical Co. v. Mayo, 351 So.2d 336 (Fla. 1977), we were asked to determine whether the public service commission had violated the sunshine law in making its decision. A 22 1/2 page staff report was adopted essentially verbatim by the public service commission in its 27 1/2 page report. Occidental argued that all meetings between the commissioners and their staff should be open to the public and that, since the agenda conference lasted only ninety minutes and resulted in adoption of the prepared staff proposal, the commissioners either met in private to reach a consensus or delegated their decision-making responsibility. We stated that the sunshine law required public meetings whenever the commission takes "official acts" and that it invalidates "formal action" taken in private. Upholding the commission's action, we declared that the sunshine law is satisfied if the commissioners reached a mutual decision on rate *429 matters when they met together in public for their "formal action." We held that Town of Palm Beach v. Gradison was not controlling and distinguished it on the basis that the town council merely gave summary approval to the citizens planning committee's recommendations in a purely ceremonial public meeting.
The present case is likewise not controlled by Gradison because here the Board took independent, final action in the sunshine in voting to abolish the position. The Board's action was not merely a ceremonial acceptance of secret actions and was not merely a perfunctory ratification of secret decisions at a later meeting open to the public. Rather, the Board's action was a decision made in the "sunshine" to abolish Tolar's position. This case is more akin to Bassett v. Braddock wherein we were confronted on a cross-appeal with the question of whether the election of the chairman and vice-chairman of the Dade County School Board was valid under the particular circumstances. Although initially the election was held by secret ballot, it was later conducted by motion and vote in open meeting. We held that: "In this particular instance, any initial violation by secret written ballot was cured and rendered `sunshine bright' by the corrective open, public vote which followed." 262 So.2d at 428-29.
Accordingly, having determined that the district court properly held that the Board's decision should not be disturbed, we approve its decision.
It is so ordered.
BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ENGLAND, J., concurs with an opinion, with which OVERTON and McDONALD, JJ., concur.
ADKINS, J., dissents with an opinion, with which SUNDBERG, C.J., concurs.
ENGLAND, Justice, concurring.
Justice Adkins remains the strong judicial voice in Florida in support of an unadulterated Sunshine Law,[1] and it is difficult indeed to disagree with the principles he so articulately advances. I do so here, however, cautiously, out of a belief that he has overcharacterized the private meetings involved in this case by calling them "secret sessions" of the board, and that the ostensible reach of his characterization would bar all private communications with and among public officials on a collegial body.
The record before us does not indicate that the superintendent-elect of Liberty County convened the school board expressly to discuss abolition of the position Tolar held as director of administration or to transfer Tolar to Bristol Elementary School. The record does show that she met with some commissioners, admittedly in private, to discuss ideas she hoped, as superintendent, to implement for a reorganization of the school system. To the extent that Justice Adkins implies that a public official cannot communicate ideas to her supervisory board except by convening or attending a public meeting, I must respectfully disagree and suggest that there is no legislative history to indicate that the public meetings law was designed to so restrict public officials in the performance of their duties.
OVERTON and McDONALD, JJ., concur.
ADKINS, Justice, dissenting.
My colleagues say that the formal and public action the Board took in abolishing the position of Director of Administration was not void under the circumstances of the case even though the subject of abolishing the position of Director of Administration was discussed by members of the School Board in a nonpublic meeting. In Turk v. Richard, 47 So.2d 543 (Fla. 1950), the question was what the legislature meant by the words "all meetings" when it enacted a statute requiring that all meetings of any *430 city or town council should be held open to the public of any such city or town. The Court held that the term "all meetings" referred only to such formal assemblages of the council sitting as a joint deliberative body as were required or authorized by law to be held for the transaction of official municipal business. The Court said that at no other type of gathering, whether attended by all or only some of the members of the city council, could any formal action be taken or agreement be made that could officially bind the municipal corporation or the individual members of the council. Hence, the Court said that such a gathering would not constitute a "meeting" of the council. "Executive sessions" or "secret meetings" were permitted so long as formal action was taken at a public meeting.
After this decision, the present Sunshine Law was enacted. We have held that the obvious intent of the Sunshine Law was enacted. We have held that the obvious intent of the Sunshine Law was to cover any gathering of the members where the members deal with some matter on which foreseeable action will be taken by a board. Board of Public Instruction of Broward County v. Doran, 224 So.2d 693, 699 (Fla. 1969). In Doran we said:
The right of the public to be present and to be heard during all phases of enactments by boards and commissions is a source of strength in our country. During past years tendencies toward secrecy in public affairs have been the subject of extensive criticism. Terms such as managed news, secret meetings, closed records, executive sessions, and study sessions have become synonymous with "hanky panky" in the minds of public-spirited citizens. One purpose of the Sunshine Law was to maintain the faith of the public in governmental agencies. Regardless of their good intentions, these specified boards and commissions, through devious ways, should not be allowed to deprive the public of this inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made.
It is the law's intent that any meeting, relating to any matter on which foreseeable action will be taken, occur openly and publicly. An informal conference or caucus of any two or more members permits crystallization of secret decisions to a point just short of ceremonial acceptance. This should be prohibited. The statute was enacted for the public benefit and should be construed liberally so as to block evasive techniques. City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).
The School Board relies upon Bassett v. Braddock, 262 So.2d 425 (Fla. 1972), where we held that labor negotiators employed by the School Board in preliminary or tentative teacher contract negotiations with teachers' representatives may negotiate outside of public meetings without being in violation of the Sunshine Law. Article I, section 6, of the Florida Constitution provides that "the right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged." This exception was carved into the Sunshine Law by virtue of this constitutional provision.
In Bassett v. Braddock we allowed the selection of a chairman by secret ballot followed by formal action at a public meeting. The selection of a presiding officer or chairman by an administrative body has little effect upon the public and requires a bare minimum, if any, input from the public. The selection of a chairman is certainly not in the same category as abolishing a position in the school system or enacting an ordinance that will have a direct effect on the public.
Our decision in Occidental Chemical Co. v. Mayo, 351 So.2d 336 (Fla. 1977), does not sustain the reasoning of the majority, for the Court said:
Occidental argues, more narrowly, that because the agenda conference lasted only 90 minutes and resulted in adoption of the pre-prepared staff proposal, the commissioners either met in private to reach a consensus or delegated their decision-making responsibility to staff. Admittedly, the adoption of a multi-page *431 decision document at the end of a complex rate case, with minimal pertinent discussion, creates an appearance of prejudgment. There is, of course, no evidence in this record that the commissioners met in secret or used staff members as intermediaries in order to circumvent public meeting requirements. .. .
We cannot indulge in speculation as to what did or did not occur with respect to matters contained in the 22 1/2 page partial order prepared prior to the agenda conference. So far as the record shows, the commissioners did not discuss various points among themselves before making a final decision.

Id. at 341-42 (emphasis added, footnote omitted).
In a footnote, the Court said:
The members of a collegial administrative body are not obliged to avoid their staff during the evaluation and consideration stages of their deliberations. Were this so, the value of staff expertise would be lost and the intelligent use of employees would be crippled. This case does not present a proper occasion, however, for us to determine whether all private collegial discussions among commissioners become decision-making acts which must occur in public. See Times Publishing Co. v. Williams, 222 So.2d 470 (Fla.2d DCA 1969), suggesting that all deliberative discussions among commissioners are within the act, and contrast Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), condemning pre-meeting agreements which have the effect of rendering later meetings a "ceremonial sham".
Id. at 342 n. 10.
In Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), this Court held that a citizens' planning committee composed of private citizens, established by the town council, which appointed the members, was subject to the Government in the Sunshine Law. The purpose of the committee was to guide a planning firm whose services had been contracted for by the council and the firm's production of an updated zoning plan for the town. Numerous meetings between the committee and the planners took place, none of which went to the public. Upon presentation of the plan to the council, full public meetings and hearings were conducted and proper procedure followed. The comprehensive zoning plan was approved in essentially the same form as that which had been produced by the planners and the committee. The Court found the committee to be an arm of the town council and declared a subordinate group or committee selected by governmental authorities should not feel free to meet in private. The zoning ordinance adopted by the town council after public hearing was rendered invalid because of the nonpublic activities of the planning committee.
In Wolfson v. State, 344 So.2d 611 (Fla.2d DCA 1977), an indictment charging a violation of the Sunshine Law alleged that certain city commissioners participated in a meeting which was not open to the public and considered matters pertaining to the employment of a city attorney. The indictment was held sufficient to charge a violation of the Sunshine Law.
Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act", an indispensable requisite to "formal action", within the meaning of the Sunshine Law.
The Sunshine Law contemplates that every meeting of the Board should be a market place of ideas so that the governmental agency may have sufficient input from the citizens who are going to be affected by the subsequent action of the Board. Government can be responsive to the wishes of the governed only if there is some citizen input. Open meetings produce stability and public confidence in government and, when they are reported by the news media, those citizens who are unable to attend will become aware of governmental abuses. Open meetings give the public an opportunity to better evaluate its officials and projects by being privy to the decision-making process. It gives the public an opportunity to vote intelligently on retaining officials, restructuring *432 their offices, and approving or rejecting their projects. See Krause v. Reno, 366 So.2d 1244 (Fla.3d DCA 1979).
The important question is not whether a formal meeting was held, but whether the members of the Board had a nonpublic meeting dealing with any matters on which foreseeable actions might be taken. This Court should never place the stamp of approval on individual gatherings wherein public officials, regardless of good intentions, reach decisions in private on matters which may foreseeably effect the public. It is elementary that the officials can not do indirectly what they are prevented from doing directly.
Under the reasoning of the majority, any board or commission could have informal meetings in which each member could commit himself to some matter on which foreseeable action will be taken. This could be done in the absence of the public and without giving the public an opportunity to be heard. The ultimate action of the entire board in public meeting would merely be an affirmation of the various secret board meetings, so this would not be in violation of the Government in the Sunshine Law.
The bright rays of the sunshine law have not been dimmed, they have been obliterated. We now have to rely upon the good faith of public officials to continue public meetings and avoid the presumption of "hanky-panky" which flows from "secret sessions".
The decision of the district court should be quashed.
SUNDBERG, C.J., concurs.
NOTES
[1] See, most recently, Occidental Chemical Co. v. Mayo, 351 So.2d 336, 343 (Fla. 1977) (Adkins, J., dissenting).