BASKIN, Judge.
Asserting that the abolition of appellee Steadman’s job constituted a layoff rather than a discharge, see Hudson Mohair Co., 11 Lab.Arb. (1948) (Healy, Arb.), the Florida Keys Aqueduct Authority seeks to overturn an order of the Monroe County Career Service Council. The Council decided that ap-pellee’s termination from her employment constituted a discharge and ordered the Authority to reinstate her with back pay and benefits. We reverse upon our holding that the proceedings before the Council involved abolition of a job classification and the evidence was insufficient to support the Council’s finding that Steadman’s job function had not been abolished.
The Career Service Council is empowered to hear appeals pertaining to suspension, discharge, reduction in pay, and demotion. Ch. 69-1321, § 4, Laws of Fla.; Monroe County Career Service Council Rules, Art. Ill, § 2. Since appellee was not the subject of a disciplinary action resulting in suspension, discharge, reduction in pay, or demotion, but was laid off when her payroll clerk position was replaced by a computer, she remains subject to recall if needed.
Section 447.209, Florida Statutes (1979) provides that management may relieve employees from duty when there is a lack of work. See also National Biscuit Co., 55 Lab.Arb. 312 (1970) (Blair, Arb.); Combustion Engineering, Inc., 46 Lab.Arb. 289 (1966) (Murphy, Arb.). Appellee’s limited duties were reassigned to other employees, to be performed in addition to their regular tasks. Those duties are completed in a few hours each week. There was no evidence that the Authority acted arbitrarily or from impermissible motives in reorganizing ap-pellee’s department. See Mitchell v. School Board of Leon County, 347 So.2d 805 (Fla. 1st DCA 1977), cert. denied, 355 So.2d 515 (Fla.1978). Furthermore, appellee was advised at the time she took the position of *678 payroll clerk that the Authority intended to phase out her position in the near future.
According to chapter 69-1321, Laws of Florida, as amended by chapter 76-439, Laws of Florida, actions of the Career Service Council are reviewable when a decision does not conform to existing statutes or rules or is not based on substantial evidence. Applying that standard, we hold that the order of the Career Service Council must be reversed.
Reversed.