LARRY G. SMITH, Judge.
We affirm the action of the Gilchrist County School Board in abolishing appellant’s position as School Food Service Supervisor, but reverse and remand on the issue of whether an opening exists for which appellant is qualified.
The issues raised on this appeal are similar to those dealt with in Mitchell v. School Board of Leon County, 347 So.2d 805 (Fla. 1st DCA 1977). See, also, Tolar v. School Board of Liberty County, 363 So.2d 144 (Fla. 1st DCA 1978). There is no valid basis for appellant’s contention on appeal that the Board acted arbitrarily or with impermissible motives in abolishing appellant’s position. The Board’s action was justified on grounds of financial necessity and efficiency in the operation of the school lunch program. The duties of appellant were not assigned to a new position, but were assumed by the lunchroom manager, Mrs. Moore, an annual contract employee who had been performing the duties before appellant’s position was created by the Board. Although appellant was under a continuing contract with the Board, her contract provided that nothing would operate to prevent discontinuance of her position.
We also reject appellant’s contention that the requirements of Section 231.36(4), Florida Statutes (1981), applied to the action of the Board in this instance. Subsection (4), setting a deadline of April 1 of each year for notice and recommendations by the Superintendent to the Board, applies to dismissal of continuing contract personnel, but does not apply to action by the Board abolishing a position. See, Section 231.36(3)(e) and (g).
As to appellant’s complaints concerning the procedure followed here, we note first that appellant concedes that no request for a Section 120.57(1) hearing was ever made below. We note, however, that Mrs. Bass received adequate written notice of the impending abolition of her position, she submitted her own written statement of her protest, and actually appeared and participated in meetings of the Board at the various stages of its consideration of the matter on five separate occasions. Appellant was permitted to question the proposed action and to present her position during these meetings. The procedure followed substantially satisfied the requirements of an informal proceeding under Section 120.-57(2), Florida Statutes. Under these circumstances the technical failure of the board to advise Mrs. Bass of her rights to a Section 120.57(1) hearing, Cf. Sterman v. Florida State University Board of Regents, 414 So.2d 1102 (Fla. 1st DCA 1982), did not affect the fairness of the proceeding or the correctness of the action so as to call for a remand under Section 120.68(8), Florida Statutes. See, also, City of Punta Gorda v. Public Employees Relations Commission, 358 So.2d 81 (Fla. 1st DCA 1978); Compass Lake Hills Development Corporation v. State, Department of Community Affairs, etc., 379 So.2d 376 (Fla. 1st DCA 1979).
Appellant urges, however, that the proceeding was defective because no order conforming to the requirements of Section 120.59, Florida Statutes, was ever entered. Appellant relies on Graham Contracting v. Department of General Services, 363 So.2d 810 (Fla. 1st DCA 1978). See, also, First National Bank of Broward County v. Lewis, 397 So.2d 416 (Fla. 4th DCA 1981). We have previously recognized, in Tolar v. School Board of Liberty County, 363 So.2d *102 144, 146 (Fla. 1st DCA 1978), that school board members “were at liberty to abolish the position of Director of Administrator by voice vote at a public meeting.” It appears from the record that appellant was fully informed of the reasons for the Board’s action, which did not require adjudication of disputed factual issues, and we find that appellant has failed to show prejudice by reason of the procedure followed or the form of the Board’s final action. We note that we have jurisdiction to review the board’s final action notwithstanding the Board’s failure to enter an order meeting Section 120.59(1) requirements. Krestview Nursing Home v. Department of Health and Rehabilitative Services, 381 So.2d 240 (Fla. 1st DCA 1979). We conclude that the formal, record action of the Board taken at its public meeting of July 6,1982, after full hearing and discussion, followed by a letter dated July 14, 1982 confirming it, was all that was required. We find no need to remand under Section 120.68(8), Florida Statutes. See, Polk v. School Board of Polk County, 373 So.2d 960 (Fla. 2nd DCA 1979).
Appellant further contends, however, that she is entitled to a hearing to determine whether there is any other available position within the county’s school system for which she is qualified. We agree with this contention. As above indicated, appellant was notified by letter from the superintendent dated July 14, 1982, of the Board’s action of July 6,1982 abolishing her position effective that date. However, the letter also stated: “There is no other position available at this time for which you are qualified.” It appears from the record of the proceedings below that the Board was of the opinion that appellant is not certified as a teacher. However, appellant contends otherwise, asserting that she holds Florida Teacher’s Certificate # 238596, rank 2, valid through June 30, 1989. Appellant has demonstrated that the determination by the Board that there was no other position available to appellant is a matter as to which a valid factual dispute exists. Further, it appears that this determination by the Board was made without adequate notice to appellant, and without a full inquiry commensurate with the nature of the rights asserted by appellant and the more limited discretion vested in the board with respect to decisions impacting statutory and contractual tenure rights of school personnel. See, Walquist v. School Board of Liberty County, 423 So.2d 471 (Fla. 1st DCA 1983); Gainey v. School Board of Liberty County, 387 So.2d 1023 (Fla. 1st DCa 1980). We find no waiver of the right to a Section 120.57(1) hearing on this issue because of the absence of notice, and failure of the Board to inform appellant of the right to request a hearing on that issue, and the time limits for doing so. Sterman v. Florida State University Board of Regents, supra. We express no opinion, of course, regarding the merits of any claim appellant may assert with regard to the right to employment in any capacity.
Accordingly, the action of the Board in abolishing the position formerly held by appellant is affirmed, without prejudice to appellant’s right to file a petition for a formal hearing under Section 120.57(1) with respect to her right to employment in and the availability of another position for which she is qualified.
JOANOS and NIMMONS, JJ., concur.