GRIFFIN, Judge.
This is an appeal from a final order of the School Board of Osceola County (the “School Board”) denying a grievance filed by appellant, Naomi Winbush, the Coordinator of Special Programs for the Osceola County School System. The dispute between appellant and the School Board concerns the terms of her multiyear “Contract of Employment for Principals, Supervisors and Professional Administrative Assistants” (the “Contract”), specifically whether a “grandfather” provision in the Contract guaranteed her a director’s salary for the entire term of the Contract or only for the first year. Appellant contends that the School Board incorrectly interpreted the Contract so that she was paid less than she was owed for the second and third years of employment under the Contract. She also contends the School Board erred in failing to issue any findings of fact and conclusions of law in denying her grievance after conducting an evidentiary hearing. Although our review of the record leads us to conclude there is competent substantial evidence in the record that would support the decision reached by the School Board, we are also bound to agree with appellant that the School Board failed to render a proper order and that this failure requires reversal.
The School Board concedes that the Final Order does not set forth the findings of fact and conclusions of law as required by section 120.59, Florida Statutes, but argues that the omission is harmless because the Contract provisions at issue are unambiguous. The School Board urges that no findings of fact would be appropriate since the Contract is clear on its face and the only legal conclusion essential to support denial of appellant’s grievance, i.e., which salary index to use, is self-evident. Unfortunately, we cannot agree with the School Board’s premise that the Contract is clear on its face; it is extremely unclear. The School Board is, therefore, bound to make the necessary factual findings, supported by the record, that will sustain the decision reached in its Final Order. Cf. Bass v. Gilchrist County School Board, 438 So.2d 100, 102 (Fla. 1st DCA 1983); see also Ford v. Bay County School Board, 246 So.2d 119, 122 (Fla. 1st DCA 1970).
Accordingly, we reverse the Final Order and remand to the School Board for entry of a Final Order consistent with this opinion.
REVERSED and REMANDED.
PETERSON and DIAMANTIS, JJ., concur.