778 So.2d 510 (2001)
OFFSHORE MARINE TOWING, INC., and Lawrence H. Acheson, Appellants,
v.
SEA TOW SERVICES INTERNATIONAL, INC., a New York corporation, and Coastal Towing and Salvage, Inc., a Florida corporation, d/b/a Sea Tow Services of Fort Lauderdale, Appellees.
No. 4D00-1500.
District Court of Appeal of Florida, Fourth District.
February 28, 2001.
Sean L. Moore and Bruce A. Goodman of Moore & Goodman, P.A., Ft. Lauderdale, for appellants.
Thomas M. Bates of the Law Office of Thomas M. Bates, West Palm Beach, and Mitchell A. Stein of Stein & Associates, P.C., New York, NY, for appellees.
STEVENSON, J.
This is an appeal of an order of the circuit court granting a temporary injunction in a suit involving two companies which provide similar marine assistance services, including the towing of vessels. We affirm the temporary injunction order, which essentially prohibits appellants from intercepting and responding to calls for assistance intended for appellees, but remand for the trial court to hold an evidentiary hearing on the amount of the bond.
*511 Florida Rule of Civil Procedure 1.610(b) provides in pertinent part that "[n]o temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." Furthermore, both parties must be provided with the opportunity to present evidence regarding the appropriate amount of the injunction bond. See Flickenger v. R.J. Fitzgerald & Co., 732 So.2d 33 (Fla. 2d DCA 1999); Bellach v. Huggs of Naples, Inc., 704 So.2d 679, 680 (Fla. 2d DCA 1997).
Here, at the conclusion of the hearing on the appellees' motion for a temporary injunction, the trial court took the matter under advisement. Subsequently, the court entered an order granting the temporary injunction and requiring a $5,000 injunction bond. While the parties did not expressly inform the trial court that a bifurcated hearing was envisioned first, for consideration of the necessity for the injunction, and then for consideration of the bond amount if necessaryappellants did alert the trial court in a supplemental memorandum in opposition to the temporary injunction, submitted while the court was considering the appellees' proposed order, that an evidentiary hearing on the amount of the bond would be required. Apparently, because no decision to grant the injunction was made at the conclusion of the hearing, the parties did not present evidence on the bond amount. Subsequently, the injunction order which provided for a $5,000 bond was entered without first allowing for the presentation of evidence on the bond amount.
We have carefully considered, but affirm without discussion, the points raised by appellants on the merits of the entry of the temporary injunction. We direct the trial court on remand to hold an evidentiary hearing on the bond amount. Pending the evidentiary hearing, the $5,000 bond shall remain in place.
AFFIRMED and REMANDED for further proceedings consistent with this decision.
KLEIN and HAZOURI, JJ., concur.