PER CURIAM.
Brandi Meadows (“Meadows”) appeals an Order for Temporary Injunction entered in favor of Medical Optics, Inc. (“Medical Optics”). We reverse and remand for the trial court to conduct a hearing to determine the proper amount of the bond. We affirm the injunction in all other respects.
The genesis of this appeal is an action to enforce a non-competition contract. Medical Optics, Meadows’s former employer, sought a temporary injunction against Meadows, prohibiting her from (1) working as a sales representative in any capacity in the geographical area in which she was acting for Medical Optics, (2) using Medical Optics’s proprietary information, and (3) contacting Medical Optics’s customers, clients and accounts. After an evidentiary hearing, the trial court issued a temporary injunction. The injunction, containing detailed findings of facts and conclusions of law, precluded Meadows from working in any type of employment in a sales-marketing capacity for her new employer or any other competitor in Florida or Tennessee until further order of the court (not to exceed 24 months).
Meadows argues that: (1) Medical Optics failed to prove that it had legitimate business interests; (2) an injunction was not reasonably necessary to protect such interests; and (3) Medical Optics did not demonstrate the threshold requirements of irreparable harm, inadequacy of any available remedy at law, a substantial likelihood of success, and a public interest to be served by the injunction. Finally, Meadows argues that the trial court erred by failing to take evidence before setting the bond.
This court reviews a temporary injunction under a mixed standard of review. “To the extent the trial court’s order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review.” Lawnwood Med. Ctr., Inc. v. Desai, 54 So.3d 1027, 1029 (Fla. 4th DCA 2011) (quoting Foreclosure FreeSearch, Inc. v. Sullivan, 12 So.3d 771, 774 (Fla. 4th DCA 2009)). But, “[a] trial court’s ruling on a motion for temporary injunction shall not be overturned unless there is a clear abuse of discretion.” Univ. Med. Clinics, Inc. v. Quality Health Plans, Inc., 51 So.3d 1191, 1195 (Fla. 4th DCA 2011) (citation omitted). Moreover, “[a] trial court’s ruling on a temporary injunction comes to the appellate court with a presumption of correctness, reversible only upon a showing of a clear abuse of discretion.” Jouvence Ctr. for Advanced Health, LLC v. Jouvence Rejuvenation Ctrs., LLC, 14 So.3d 1097, 1099 (Fla. 4th DCA 2009) (quoting First Miami Sec., Inc. v. Bell, 758 So.2d 1229, 1230 (Fla. 4th DCA 2000)). “[T]he Florida *926 Supreme Court has cautioned restraint by reviewing courts when considering injunctions that rely on witness testimony .... [because] the order relies on live testimony or other evidence that the trial court is singularly well-suited to evaluate.” Colucci v. Kar Kare Auto. Group, Inc., 918 So.2d 431, 437-38 (Fla. 4th DCA 2006) (citations omitted).
Having concluded that the trial court’s findings were supported by competent, substantial evidence and its legal conclusion correct, we address only whether the trial court erred by failing to take evidence to determine the appropriate amount of the bond. Offshore Marine Towing, Inc. v. Sea Tow Servs. Int’l., Inc., 778 So.2d 510, 511 (Fla. 4th DCA 2001).
Florida Rule of Civil Procedure 1.610(b) provides in pertinent part that “no temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined.” Furthermore, both parties must be provided with the opportunity to present evidence regarding the appropriate amount of the injunction bond.
Id. at 511 (internal citations omitted). “When a court sets an injunction bond, the amount should reflect the court’s determination of the foreseeable damages for a wrongful injunction. When the court fails to do so, the remedy is generally to remand for a new bond hearing.” Advantage Digital Sys., Inc. v. Digital Imaging Servs., Inc., 870 So.2d 111, 116-17 (Fla. 2d DCA 2003) (internal citations omitted).
The trial court entered its order with a bond amount of $100,000. There was no hearing to determine the amount of the bond or whether $100,000 would suffice for the foreseeable damages in the event of a wrongful injunction. Accordingly, we direct the trial court on remand to hold an evidentiary hearing on the bond amount. Pending the evidentiary hearing, the $100,000 bond shall remain in place. See Offshore Marine Towing, Inc., 778 So.2d at 511.

Affirmed in part, reversed in part, and remanded for further proceedings.

WARNER, STEVENSON and CONNER, JJ., concur.