WALLACE, Judge.
Florida Georgia Grove, LLP, appeals a temporary injunction entered in an action filed by Collier County and Ted Small-wood’s Store, Inc. (Smallwood), against Florida Georgia and others.[1] In their action, Collier County and Smallwood sought to establish a right of access over Mamie Street on Florida Georgia’s property to the adjacent property owned by Small-wood. The events which precipitated the filing of the action were the erection by Florida Georgia of barricades blocking access to Smallwood’s property and the destruction by Florida Georgia of the pavement on the portion of Mamie Street crossing its property.[2] The circuit court granted a temporary injunction requiring Florida Georgia to remove the barricades and to “restore and repave Mamie Street” to provide a “sufficient paved surface that can accommodate and allow for ingress and egress by [Smallwood] and the general public to and from the Smallwood Property.”
On appeal, Florida Georgia raises multiple arguments challenging the entry of the order granting the temporary injunction. However, after careful review of the record, the arguments, and the applicable law, we conclude that each of Florida Georgia’s arguments is without merit, save one. We agree with Florida Georgia that the circuit court erred in directing Smallwood to post a bond in the amount of $10,000 without first holding an evidentia-ry hearing to address the appropriate amount of a bond.
Florida Rule of Civil Procedure 1.610(b) provides, in pertinent part, as follows:
No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest.
Thus, although Collier County may not be required to post a bond, Smallwood was required to do so.
The purpose of an injunction bond is to provide sufficient funds to cover the adverse party’s costs and damages if the injunction is wrongfully issued. Longshore Lakes Joint Venture v. Mundy, 616 So.2d 1047, 1048 (Fla. 2d DCA 1993). Since damages recoverable for wrongfully obtaining an injunction are limited to the amount of the injunction bond, the court must provide both parties the opportunity to present evidence as to the amount of an appropriate bond. Id.
Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976, 978 (Fla. 2d DCA 1994) (emphasis added); see also Offshore Marine Towing, Inc. v. Sea Tow Servs. *950 Int'l Inc., 778 So.2d 510, 511 (Fla. 4th DCA 2001) (noting same).
Here, Florida Georgia specifically requested the opportunity to present evidence on the appropriate amount of a bond, noting that it could not do so until it knew the nature of any relief granted by the circuit court. The circuit court apparently recognized that Florida Georgia was entitled to such an evidentiary hearing. Nevertheless, after announcing its oral ruling granting the temporary injunction, the circuit court simply set the bond amount at $10,000. In making his ruling, the circuit court judge acknowledged that he was “not a highway person” for the purpose of determining the type of paving required for the restoration of Mamie Street. Yet he determined the amount of the bond to cover the cost of such paving without hearing any evidence about the appropriate amount or giving the parties the opportunity to present such evidence.
Based on the foregoing authorities, we conclude that the circuit court erred in setting a bond without holding an eviden-tiary hearing on the appropriate amount. See Richard, 647 So.2d at 978; Offshore Marine Towing, 778 So.2d at 511. Accordingly, we direct the circuit court on remand to hold an evidentiary hearing on the appropriate amount of a bond and to enter an order requiring Smallwood to post a bond in an amount consistent with the circuit court’s findings based on the evidence.[3] Pending the evidentiary hearing and the circuit court’s determination of the appropriate amount of the bond, the $10,000 bond shall remain in effect.
We reject Florida Georgia’s other appellate arguments, and we affirm the issuance of the temporary injunction without further discussion.
Affirmed in part and remanded for further proceedings in part.
NORTHCUTT and VILLANTI, JJ., Concur.

. The Appellees also sued T.D. Bank, N.A., as a mortgagee of Florida Georgia’s property, but T.D. Bank did not file a brief in this appeal.

. Evidence presented at the hearing established that the public had used Mamie Street since 1906 to access the Smallwood property, a former post office, trading post, and general store. We note that the Ted Smallwood Store, which is located on Chokoloskee Island in the Everglades National Park, has been listed on the National Register of Historic Places since 1974. See National Register of Historic Places, http://www.nationalregisterof historicplaces.com/fl/Collier/state.html. The Ted Smallwood Store is currently operated as a museum.

. We express no opinion on the adequacy of the current $10,000 bond amount.