GERBER, J.
The plaintiff appeals the circuit court’s non-final order denying the plaintiffs motion for a temporary injunction against the defendants. The plaintiff primarily argues that the court erred in concluding that the plaintiff did not establish a substantial likelihood of success on the merits. We affirm, but under reasoning slightly different than that which the circuit court articulated. We write to describe the evidence elicited at the circuit court’s hearing, and then to discuss our reasoning.
At three school board meetings, various persons expressed concerns about the operation of the district’s adult education school. At two of the meetings, the superintendent asked her adult education director to address the concerns. After the superintendent did so on the last occasion, one of the board members, defendant Sue Hershey, interjected:
Well, actually, I’m a little bit more interested in the whole, looking at it from a global standpoint, and I think ... [the student is] welcome to talk with [the coordinator] but I think there’s just too much going on.
.... I think we need to ... look at the Adult [Education] School and also look at [another alternative school] and see where we’re at here.
Programs are our responsibility. All programs are the Board’s responsibility. They are not the superintendent’s responsibility. They are by statute assigned to us. Whether a program goes on or is terminated is a board decision. It is not a superintendent decision. So when I say we need to discuss it, we really need to discuss it....
*186 ... And I think we need to address these programs and address them in an expedient manner.
The next day, Hershey and two other board members, defendants Laurie Gay-lord and David Anderson, visited the adult education school. They had not provided any notice of their visit.
The school visit prompted the plaintiff to file a complaint alleging that the defendants violated the Sunshine Law by conducting the visit without providing reasonable notice. The complaint sought declaratory and injunctive relief, specifically an injunction prohibiting the school board from implementing any action, or continuing any proceeding, related to the school visit. The plaintiff later filed an amended emergency motion for temporary injunction seeking the same injunc-tive relief.
At the evidentiary hearing on the motion, the adult education school’s coordinator testified about what occurred during the school visit. Hershey told the coordinator that “some very disturbing things [were] said at the school board meeting last night” about the school. The board members then asked the coordinator about: the coordinator’s duties; a summary of which teachers were on contract; the support which the school received; appropriate teaching materials; rumors about whether the school would remain open or would close; and staff morale at the school. The board members also toured classrooms and spoke with teachers and students. According to the coordinator, the board members did not take any formal action during their visit and did not deliberate or decide anything. In the coordinator’s words, “They came, and they saw and they left.”
Hershey testified that the coordinator’s testimony was an accurate recollection of what occurred during the visit. She testified that she and the other board members visited the adult education school because a member of the public expressed concerns about the school’s operation. She also testified that after the visit, she and other board members did not discuss what they saw and heard during the visit, and the school board took no action as a result of the visit. She further testified that if she had seen or heard something during the visit which bothered her, then she would have notified the superintendent.
The superintendent testified that school board meetings occurring after the visit did not pertain directly to the adult education school, but instead pertained to district-wide matters. One matter discussed was the superintendent’s recommendation for the appointment or reappointment of the district’s employees, including the adult education school’s employees. Another matter discussed was a district-wide purchase order of equipment and supplies, including purchases for the adult education school.
During closing arguments, the plaintiff contended that this was a simple case, in that the defendant board members visited the adult education school without providing reasonable notice. The defendants argued that the court should deny the motion for temporary injunction because the plaintiff had not shown that the school board took any action as a result of the visit, or that a pattern of Sunshine Law violations existed. The defendants argued that even if the school visit constituted a Sunshine Law violation, the board cured the violation by having full and open meetings after the school visit, and the plaintiff did not show the likelihood of a future violation requiring an injunction.
After the hearing, the circuit court entered a detailed order denying the motion *187 for temporary injunction. The order stated, in pertinent part:
3. In order to obtain a temporary injunction[,] the Plaintiff must show an irreparable injury for which there is no legal remedy, a substantial likelihood of successfully proving the claim, and that the requested injunction serves the public interest.
4. In order to prove a violation of the Government-In-The-Sunshine law, the Plaintiff must prove that two or more of the School Board members met without reasonable notice to the public and took some official act or had discussions about some matter on which foreseeable action will be taken by the Board.
5. As evidence of actions allegedly formulated on [the day of the visit to the adult education school], the Plaintiff offers three subsequent actions by the School Board which were foreseeable: (1) adoption of the Superintendent’s annual recommendation to reappoint hundreds of teachers including about five adult education teachers, (2) adoption of the Superintendent’s annual recommendation to reappoint non-instructional employees including at least one adult education employee, and (3) adoption of a recommended purchase order for all 21 schools in the district. It is unreasonable to think that the actions of the Defendant Board members on [the day of the visit] had any connection with these subsequent actions....
6. Contrary to the Plaintiffs claim, the evidence does not show that the three subsequent actions ... or any other pending or foreseeable action by the School Board were the focus of any questions and statements by [the] School Board members who visited the adult education [school] on [the day of the visit]....
7. Without proof of discussions about some matter on which foreseeable action will be taken by the Board, the element of substantial likelihood of success on the merits is not proven.
8. Furthermore, the injunction • requested by the Plaintiff would effectively stop the operation of all of the district’s schools at the beginning of the school year and forbid the School Board to attempt to rectify the matter. This cannot be said to be in the public interest.
This appeal followed. The plaintiff argues that the circuit court erred in concluding that the plaintiff was not entitled to a temporary injunction on the merits. For this argument, we employ a mixed standard of review. See Meadows v. Med. Optics, Inc., 90 So.3d 924, 925 (Fla. 4th DCA 2012) (“This court reviews a temporary injunction under a mixed standard of review. To the extent the trial court’s order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review.”) (citation and quotation omitted).
The circuit court’s order correctly stated the elements which the plaintiff had to demonstrate to obtain a temporary injunction. “In order to obtain a temporary injunction, one must demonstrate that (1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest.” Burtoff v. Tauber, 85 So.3d 1182, 1183 (Fla. 4th DCA 2012) (citation and quotation omitted).
*188 The circuit court’s order also correctly summarized the Sunshine Law. Article I, section 24(b), of the Florida Constitution provides:
All meetings of any collegial public body of the executive branch of state- government or of any collegial public body of a county, municipality, school district, or special district, at which official acts are to be taken or at which public business of such body is to be transacted or discussed, shall be open and noticed to the public and meetings of the legislature shall be open and noticed as provided in Article III, Section 4(e), except with respect to meetings exempted pursuant to this section or specifically closed by this Constitution.
Further, section 286.011(1), Florida Statutes (2012), provides, in pertinent part:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, ... at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.
§ 286.011(1), Fla. Stat. (2012). Our supreme court has added that:
[The Sunshine Law] should be construed so as to frustrate all evasive devices. This can be accomplished only by embracing the collective inquiry and discussion stages within the terms of the statute, as long as such inquiry and discussion is conducted by any committee or other authority appointed and established by a governmental agency, and relates to any matter on which foreseeable action will be taken.
Sarasota Citizens for Responsible Gov’t v. City of Sarasota, 48 So.3d 755, 762 (Fla.2010) (citation and quotation omitted).
Based on the foregoing authorities, the circuit court erred in not concluding that the plaintiff demonstrated a substantial likelihood of success of proving a Sunshine Law violation. The undisputed evidence showed that the defendant board members, without providing notice, conducted a meeting at the adult education school relating to matters on which foreseeable action would have been taken. The coordinator and the defendant school board members discussed: the coordinator’s duties; a summary of which teachers were on contract; the support which the school received; appropriate teaching materials; rumors about whether the school would remain open or would close; and staff morale at the school. As Hershey testified, if she had seen or heard something during the visit which bothered her, then she would have notified the superintendent. It is foreseeable that if Hershey or the other two board members notified the superintendent about having seen something during the visit which bothered them, then action would have been taken based on those observations. Thus, a Sunshine Law violation occurred. See Finch v. Seminole Cnty. Sch. Bd., 995 So.2d 1068, 1072-73 (Fla. 5th DCA 2008) (school board’s non-public bus tour to consider rezoning plans violated the Sunshine Law, even though the school board members were separated from each other during the tour, no opinions were expressed, and no vote was taken during the trip, because “it undoubtedly had the opportunity at that time to make decisions outside of the public’s scrutiny”).
Nevertheless, we affirm, because the circuit court reached the right result, but for the wrong reasons. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d *189 638, 644 (Fla.1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.”).
“Sunshine Law violations can be cured by independent, final action in the sunshine, [as] distinguished from mere ceremonial acceptance or perfunctory ratification of secret actions and decisions.” Sarasota Citizens, 48 So.3d at 765 (citation and quotations omitted). Here, the record indicates that any subsequent school board actions which may have been related to the adult education school occurred during noticed school board meetings. Those actions do not appear to be mere ceremonial acceptance or perfunctory ratifications of secret actions and decisions. See id. at 765-66 (“[A]ny violations committed in email discussions between board members were cured by the Board’s public meetings ... This simply is not the case of a ceremonial acceptance of secret actions or merely a perfunctory ratification of secret decisions at a later meeting open to the public”) (original alteration, citation, and quotations omitted); Tolar v. Sch. Bd. of Liberty Cnty., 398 So.2d 427, 428 (Fla.1981) (even though private discussions between the superintendent-elect and school board members violated the Sunshine Law, the school board held a public meeting and took independent final action in the sunshine; “This action taken in the sunshine will not now be voided.”); Finch, 995 So.2d at 1073 (although school board’s non-public bus tour to consider rezoning plans violated Sunshine Law, subsequent “full, open and independent public hearings” cured any violation). Therefore, the school board’s noticed meetings cured any Sunshine Law violation arising from the unnoticed visit.
Finally, to the extent the plaintiff requested the circuit court to enjoin the defendants from holding additional unnoticed meetings in general, such a blanket request is legally insufficient. See Port Everglades Auth. v. Int’l Longshoremen’s Ass’n, Local 1922-1, 652 So.2d 1169, 1173 (Fla. 4th DCA 1995) (“[W]hile a court cannot issue a blanket order enjoining any violation of the Sunshine Law on a showing that it was violated in particular respects, a court may enjoin a future violation that bears some resemblance to the past violation. The future conduct must be specified, with such reasonable definiteness and certainty that the defendant could readily know that it must refrain from doing without speculation and conjecture.”) (citation and quotation omitted).
In sum, we do not condone the defendant board members’ Sunshine Law violation. See Canney v. Bd. of Pub. Instruction of Alachua Cnty., 278 So.2d 260, 264 (Fla.1973) (“Even though their intentions may be sincere, [] boards and agencies should not be allowed to circumvent the plain provisions of the [Sunshine Law].”). In fact, if a pattern of Sunshine Law violations existed before this violation, then perhaps we may have found that any subsequent school board actions were merely “perfunctory ratificationfs] of secret actions and decisions.” Sarasota Citizens, 48 So.3d at 765. However, based on the facts and our reasoning above, the plaintiff did not show this to be the case. Thus, we affirm the circuit court’s denial of the motion for temporary injunction.

Affirmed.

[1]

MAY, C.J., and GROSS, J., concur.

. The plaintiff also argues that the circuit court erred in not allowing the plaintiff to *190 enter certain items into evidence. We affirm as to that argument without further discussion.