DOWNEY, Judge.
This appeal involves the enforcement of a noncompetition agreement. The employer/appellee, Munuswamy, sought and obtained a temporary injunction against his erstwhile employee/appellant, Salamon, to prevent the employee from violating the provisions of their noncompetition agreement. The employee seeks review of the temporary injunction.
Factually, it appears that Munuswamy was an established medical practitioner who employed Salamon pursuant to a contract to join him in the practice of medicine in Broward County. In pertinent part, the agreement provided that, if the contract was terminated for any reason whatsoever, the employee would not enter into or engage in any form of medical practice within seven miles of the employer’s office or in several specified hospitals for a period of twenty-four months from termination of the contract. The parties agreed on liquidated damages of $150,000 if the contract was violated by the employee, which sum, if paid, would be in lieu of injunctive relief. After seventeen months, the employee terminated his employment and, in due course, commenced practicing in the prohibited area. The employer initially sued for in-junctive relief; later, he filed an amended complaint for declaratory relief without praying for an injunction. The employee filed an answer and counterclaim and issue was joined on said pleadings. Thereafter, the employer filed a verified motion for a temporary restraining order to prohibit the employee from continuing to breach the contract. The trial court found from the proof adduced at an evidentiary hearing that the terms of the contract were reasonable regarding the temporal and geographic restrictions; and that the employer had a substantial likelihood of success in the litigation. The court also noted that the agreed liquidated damage amount had not been paid by the employee. Thus, the court issued the temporary injunction and ordered the posting of a bond by the employer.
The main thrust of employee's argument on appeal is that the employer had abandoned his claim for injunctive relief when he filed his amended complaint exclusively for declaratory relief. While it certainly would have been most appropriate for the complaint to have contained the necessary allegations for injunctive relief, it appears that, under the circumstances of this case, such supplementary relief can be sought by verified motion. Lingelbach’s Bavarian Restaurants, Inc. v. Del Bello, 467 So.2d 476 (Fla. 2d DCA 1985). In the present case, the verified motion alleged the contract, its breach by the employee, irreparable harm, and his entitlement to an injunction, pursuant to section 542.33, Florida Statutes (1989). These allegations fulfill the pleading requirements for a temporary injunction. Russell v. Florida Ranch Lands, Inc., 414 So.2d 1178 (Fla. 5th DCA 1982).
We have considered all of the employee’s contentions and his cited authorities and conclude that no reversible error has been demonstrated.
Accordingly, the order appealed from is affirmed.
ANSTEAD and STONE, JJ., concur.