717 So.2d 1106 (1998)
Ronnie DENOWITZ and Stephanie Kronen, Appellants,
v.
INFORMATION TELEVISION NETWORK, INC., Appellee.
No. 98-0637.
District Court of Appeal of Florida, Fourth District.
September 23, 1998.
Courtney B. Wilson of Coll Davidson Carter Smith Salter & Barkett, P.A., Miami, for appellants.
Marshall J. Osofsky of Lewis, Vegosen, Rosenbach, Silber & Dunkel, P.A., West Palm Beach, for appellee.
PER CURIAM.
We affirm in all respects the trial court's order enjoining appellants from competing with appellee, from utilizing appellee's trade secrets, and from soliciting, contacting or communicating with appellee's clients. Although the employment agreement did not expressly prohibit appellants from "contacting" or "communicating with" appellee's clients, we believe a reasonable and common sense interpretation of that portion of the trial court's injunction order is that the appellants not contact or communicate with appellee's clients for the purpose of competing with appellee or soliciting such clients for a business purpose.
We agree with appellants that it was reversible error to enter a temporary injunction without requiring a bond. See, e.g., Salamon v. Munuswamy, 566 So.2d 899 (Fla. 4th DCA 1990); Fla. R. Civ. P. 1.610(b). However, reversal and remand at this juncture would be pointless, since appellee has now posted a bond as to appellant Denowitz and the injunction has been dissolved as to appellant Kronen. See Cutler Creek Village Townhouse Ass'n v. Cutler Creek Village Condominium Ass'n, 584 So.2d 103 (Fla. 3d DCA 1991) (remedy for failing to require bond in issuing temporary injunction is to *1107 remand for setting of bond). Insofar as appellants contend that they are entitled to damages in the form of attorney's fees in having to litigate the bond issue, such relief is properly sought, in the first instance, in the trial court.
Appellants' motion for attorney's fees is denied. Appellee's motion for attorney's fees is granted, conditioned on appellee ultimately prevailing on the merits.
STONE, C.J., GROSS, J., and GLICKSTEIN, HUGH S., Senior Judge, concur.