PER CURIAM.
We grant this petition for writ of mandamus to compel the trial court to set a *1088 prompt hearing on Petitioner’s motion to dissolve a temporary ex parte injunction.
The injunction was entered February 25, 2000, and Petitioner moved to dissolve it on February 28, 2000, requesting an immediate hearing. At a motion calendar hearing on the motion on February 29, a substitute judge left the injunction in place for the time being, being persuaded by the adverse party’s counsel not to hear the matter himself but to have it heard by the judge to whom the case was assigned. That judge was asked to hear the matter in early March, refused to set it for hearing before April 4, then canceled the April 4 hearing and reset it to be heard in June. Meanwhile, Petitioner remains enjoined pursuant to the temporary order entered in February.
Disingenuously, the respondent argues, in response to this court’s order to show cause, that Petitioner’s motion to dissolve was heard and denied on February 29, and if Petitioner remained aggrieved, his remedy was to appeal that order. This court declines Respondent’s invitation to elevate form over substance. Clearly, Petitioner’s motion has never been heard on the merits. It should have been heard within five days of his seeking an immediate hearing. See Fla. R. Civ. P. 1.610(d)[1]; Hicks v. Chamberlin, 710 So.2d 993 (Fla. 4th DCA 1998).
Accordingly, we grant the petition. We withhold issuance of the writ, being confident that the trial court will hear Petitioner’s motion to dissolve the temporary injunction forthwith.
POLEN, STEVENSON and SHAHOOD, JJ., concur.

. That rule provides as follows: "Motion to Dissolve. A party against whom a temporary injunction has been granted may move to dissolve or modify it at any time. If a party moves to dissolve or modify, the motion shall be heard within 5 days after the movant applies for a hearing on the motion.” (Emphasis added).