PALMER, J.
In this non-final appeal, the Reserve at Wedgefield Homeowners’ Association (Wedgefield) appeals the trial court’s order granting Rebecca Dixon’s motion for emergency injunctive relief.[1] Determining that the injunction order fails to comply with the technical requirements of the law, and that Dixon failed to make the showing necessary for temporary injunctive relief, we reverse.
Dixon filed a complaint against Wedge-field seeking relief from Wedgefield’s imposition of homeowners’ association dues on her property. The complaint explains that Dixon purchased two lots in the Reserve at Wedgefield, but only one house is located on the lots. Dixon began receiving notifications from Wedgefield that she owed association dues on both lots but, the complaint alleges, Dixon then received notification from the vice president and secretary of Wedgefield indicating that she only owed association dues on one lot (because only one home is located on both lots). The complaint states that Wedge-field continues to assess dues on each of Dixon’s lots and that Wedgefield has filed a claim of lien against Dixon’s property because she has failed to pay said dues.
Along with her complaint, Dixon filed a verified motion for emergency injunctive relief. In her motion, Dixon alleged the same facts as were alleged in her complaint with the additional allegation that Wedgefield had forwarded correspondence to her indicating that Wedgefield would institute foreclosure proceedings against Dixon’s property if she failed to pay the dues which were owed.
The trial court conducted a hearing on Dixon’s injunction motion. Dixon did not present any witness testimony. Instead, she relied solely upon her pleadings and the argument of counsel.
The trial court later entered a written order granting Dixon’s motion for temporary injunction and enjoining Wedgefield from initiating any proceeding to effect the foreclosure or execution of its lien on Dixon’s property. As for findings, the trial court’s order simply states that (1) “because each parcel of real estate is unique unto itself, the foreclosure of plaintiffs *67 property would amount to irreparable harm”, and (2) “under the circumstances of this case, the plaintiff has no adequate remedy at law and has a substantial likelihood of success on the merits of this action.” The court also waived the bond requirement in this case. This appeal timely followed.
Wedgefield argues that the trial court’s injunction order must be reversed because it fails to comply with the technical requirements of the law. We agree.
“A preliminary injunction is an extraordinary remedy which should be granted only if the party seeking the injunction establishes the following criteria: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) consideration of the public interest.” Dragomirecky v. Town of Ponce Inlet, 882 So.2d 495, 496 (Fla. 5th DCA 2004) (citing to Yardley v. Albu, 826 So.2d 467, 470 (Fla. 5th DCA 2002)).
Where, as here, a party that is subject to a temporary injunction chooses to file a direct appeal, rather than filing a motion to dissolve the injunction, the scope of appellate court review is limited to “the legal sufficiency of the trial court’s order, the complaint, and any supporting documents.” Yardley v. Albu, 826 So.2d 467, 469 (Fla. 5th DCA 2002). Applying this standard of review to the instant case, we reverse because the trial court’s order is legally insufficient.
The trial court’s injunction order fails to order Dixon to post a bond and fails to set forth a factual basis to support each of the elements of a temporary injunction (i.e., the likelihood of irreparable harm, the unavailability of an adequate remedy at law, substantial likelihood of success on the merits, and consideration of the public interest). As such, the trial court’s injunction order must be reversed. See Broward County v. Meiklejohn, 936 So.2d 742 (Fla. 4th DCA 2006) (holding that trial court’s order granting county employee’s motion for preliminary injunction for reinstatement was improper because it contained technical errors in that the order failed to state a factual basis to support each of the elements of a preliminary injunction and the order failed to include a bond); Masters Freight, Inc. v. Servco, Inc., 915 So.2d 666 (Fla. 2d DCA 2005) (holding that a temporary injunction must specify the reasons for its entry and the findings supporting the elements necessary to establish entitlement to a temporary injunction must be clear, definite, and unequivocal); Alliant Capital, Ltd. v. Singleton, 835 So.2d 365 (Fla. 5th DCA 2003) (reversing trial court’s injunction order because the court failed to set forth facts to support each element that a moving party must establish to be entitled to the issuance of a temporary injunction and erred in not setting and requiring a bond).
In closing we note that, even if the technical deficiencies of the instant injunction order were not dispositive, the entry of temporary injunctive relief in this matter would have been improper because the alleged facts are insufficient to support a conclusion that Dixon would suffer irreparable harm if injunctive relief were not granted and that she does not have an adequate remedy at law. Dixon alleges as irreparable harm the threat that Wedge-field will institute foreclosure proceedings against her property because of the possibility that she may lose her property in the foreclosure. However, no such loss would occur merely by the institution of foreclosure proceedings. Instead, such loss could only occur upon successful prosecution of the foreclosure proceedings, during which Dixon could raise all of the issues raised in her motion for injunctive relief as defenses *68 thereto. See Hutchinson v. Kimzay of Florida, Inc., 637 So.2d 942 (Fla. 5th DCA 1994) (holding the moving party would not suffer irreparable harm by having issues litigated in a related eviction action, since any argument raised in support of the temporary injunction could be raised in defense of the eviction action).
REVERSED.
THOMPSON and MONACO, JJ., concur.

. Appellate jurisdiction is proper pursuant to rule 9.130(a)(3)(B) of the Florida Rules of Appellate Procedure which authorizes appeals from non-final orders which "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunction".