HAZOURI, J.
The Appellant, Bruce Burtoff, challenges the order denying his motion for evidentiary hearing and to dissolve an injunction entered after the appellee, the trustee, obtained an order freezing a bank account. Because the order granting the injunctive relief did not contain factual findings, and it’s not clear an evidentiary hearing was held, we reverse.
After the trial court entered an ex parte injunction, it dissolved it upon Burtoffs motion. The parties sought clarification because the order dissolving the injunction also required the trustee to post an injunction bond.
Subsequently, the trial court confirmed the injunction was dissolved and ordered the parties to appear for a hearing on September 6, 2011. After that hearing, the court entered an order again freezing the assets in the bank account. Burtoff filed a motion for evidentiary hearing and to dissolve the ex parte injunction. He claimed that the September 6 hearing was not evidentiary, and he requested an opportunity to contest the trustee’s allegations. The court entered an order denying the motion for evidentiary hearing.
The standard of review of a court’s ruling on a motion to dissolve an injunction is abuse of discretion if the order is based on factual matters, and de novo if based on legal matters. Browning-Ferris Indus. of Fla., Inc. v. Manzella, 694 So.2d 110, 111-12 (Fla. 4th DCA 1997). In order to obtain a temporary injunction, one must demonstrate that “(1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest.” Univ. Med. Clinics, Inc. v. Quality Health Plans, Inc., 51 So.3d 1191, 1195 (Fla. 4th DCA 2011) (citation omitted). Once a party has obtained an ex parte temporary injunction, the opposing party may appeal the injunction or file a motion to dissolve the injunction. Matin v. Hill, *1184 801 So.2d 1003, 1005 (Fla. 4th DCA 2001) (citation omitted). If the party opts to move to dissolve the injunction, the court must hold an evidentiary hearing where the plaintiff must “go forward with evidence sufficient to sustain the ex parte grant of temporary injunctive relief.” Id at 1006 (quoting Shea v. Cent. Diagnostic Servs., Inc., 552 So.2d 344, 346 (Fla. 5th DCA 1989)). Further, the opposing party must have an opportunity to demonstrate that the allegations relied on by the court are not true. Id at 1005 (citation omitted).
We reverse for two reasons: First, it appears the September 6 injunction was issued without an evidentiary hearing, and that Burtoff was not given an opportunity to dispute the trustee’s allegations at the hearing on his motion to dissolve. Second, even if an evidentiary hearing was held, reversal is required because the September 6 order does not contain the findings required by Florida Rule of Civil Procedure 1.610(c).[1] On remand, if an evidentia-ry hearing was not already held, the trustee has the burden to present evidence sufficient to grant injunctive relief. The court must give Burtoff an opportunity to dispute the allegations. If the court determines that an injunction is appropriate, it must make the required findings. If an evidentiary hearing was already held, at which these requirements were met, the court must enter an order with the necessary findings.

Reversed, and remanded for proceedings consistent with this opinion.

POLEN and LEVINE, JJ., concur.

. This rule provides in part, "Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document....”