GERBER, J.
The borrower appeals the circuit court’s non-final orders: (1) denying her motion to dissolve a temporary injunction entered in the lender’s favor; (2) severing some of her counterclaims; and (3) dismissing with leave to amend some of her other counterclaims. We reverse the court’s denial of the motion to dissolve the temporary injunction and remand for an evidentiary hearing on that motion. We treat the appeal of the severance order as a petition for writ of certiorari and grant the petition. We lack jurisdiction over the appeal of the dismissal order and thus dismiss that part of the appeal.
According to the underlying complaint’s allegations, this case arose when the borrower was sued by a non-party bank foreclosing upon a mortgage in a different case. To avoid the foreclosure, the borrower entered into a loan refinance agreement with the lender in this ease. Under the agreement, the lender transferred an amount of money to the borrower’s attorney to pay off the foreclosing bank’s mortgage, and the borrower executed a promissory note and mortgage in the lender’s favor.
Four years after the lender transferred the payoff amount to the borrower’s attorney, the boirower fell behind on her note payments to the lender. The lender then discovered that, allegedly at the borrower’s direction, the borrower’s attorney never transferred the payoff amount to the foreclosing bank, which obtained a final foreclosure judgment against the borrower as a result.
The lender then sued the borrower and her attorney. The lender’s complaint sought a mandatory injunction requiring the borrower and her attorney to return the payoff amount. After filing the complaint, the lender filed a motion for a temporary injunction. The motion requested the circuit court to order the borrower’s attorney to transfer the payoff amount to the lender’s attorney while the action was pending. Following a non-evidentiary hearing on the motion, the court entered an order granting the motion. However, in the order, the court directed the borrower’s attorney to deposit the payoff amount into the court registry instead of transferring it to the lender’s attorney.
*929 The borrower’s attorney complied with the order.
The borrower filed her answer, affirmative defenses, and counterclaims. The counterclaims sought damages under various theories for the lender’s alleged misconduct regarding the loan agreement. The borrower also filed a motion to dissolve the temporary injunction. The motion argued that the court’s order directing her attorney to deposit the loan amount into the court registry was entered without satisfying the requirements for entry of a temporary injunction. The borrower requested the court, pursuant to Florida Rule of Civil Procedure 1.610(d) (2011), to hold a hearing within five days after she filed the motion. See Fla. R. Civ. P. 1.610(d) (2011) (“If a party moves to dissolve or modify [a temporary injunction], the motion shall be heard within 5 days after the movant applies for a hearing on the motion.”).
The circuit court did not hold a hearing on the borrower’s motion to dissolve. Instead, the court entered a second order seeking to clarify its first order. In the second order, the court stated that it did not grant the lender’s motion for a temporary injunction, but merely “ordered that the monies be placed in the Court Registry up and until a full evidentiary/trial is completed to determine entitlement.”
Meanwhile, the lender filed a motion to sever some of the borrower’s counterclaims and to dismiss some of the borrower’s other counterclaims. In the motion to sever, the lender argued that the equitable nature of its claim for injunctive relief, compared to the legal nature of some of the borrower’s counterclaims for damages, justified severing those counterclaims. In the motion to dismiss, the lender argued that some of the borrower’s other counterclaims failed to state a cause of action.
After a hearing, the circuit court granted the lender’s motion to sever. The court also granted the lender’s motion to dismiss with leave to amend the counterclaims to which the motion was directed.
This appeal followed. The borrower argues that the circuit court erred in: (1) denying her motion to dissolve; (2) severing some of her counterclaims; and (3) dismissing with leave to amend some of her other counterclaims. We address each argument in turn.
We agree with the borrower that the circuit court erred in denying her motion to dissolve. The court’s order directing the borrower and her attorney to deposit the loan amount into the court registry was, in effect, an order granting a temporary injunction and is thus reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(B) (2011) as an interlocutory order. See CMR Distribs., Inc. v. Resolution Trust Corp., 593 So.2d 593, 594 (Fla. 3d DCA 1992) (“An order requiring the deposit of funds into the registry of the court prior to judgment is, in effect, an order granting an injunction and is thus reviewable under [Florida Rule of Appellate Procedure] 9.130(a)(3)(B) ... as an interlocutory order.”) (citations omitted).[1] We employ a *930 mixed standard of review. See Burtoff v. Tauber, 85 So.3d 1182, 1183 (Fla. 4th DCA 2012) (“The standard of review of a court’s ruling on a motion to dissolve an injunction is abuse of discretion if the order is based on factual matters, and de novo if based on legal matters.”) (citation omitted).
Here, the court’s order denying the borrower’s motion to dissolve was in error for three reasons.
First, the temporary injunction did not state the reasons for its entry. See Fla. R. Civ. P. 1.610(c) (2011) (“Every injunction shall specify the reasons for entry....”); Burtoff, 85 So.3d at 1184 (“[Rjeversal is required because the ... order does not contain the findings required by Florida Rule of Civil Procedure 1.610(c).”) (footnote omitted). The reasons required for entry of a temporary injunction are: “(1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest.” Id. at 1183 (citation and quotations omitted).
Second, the court entered the temporary injunction without requiring the lender to post a bond. See Fla. R. Civ. P. 1.610(b) (2011) (“No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined.”); Denowitz v. Info. Television Network, Inc., 717 So.2d 1106, 1106 (Fla. 4th DCA 1998) (“We agree with appellants that it was reversible error to enter a temporary injunction without requiring a bond.”) (citations omitted).
Third, the circuit court did not hold an evidentiary hearing on the borrower’s motion to dissolve. See Burtoff, 85 So.3d at 1184 (“If the party [against whom the injunction was entered] opts to move to dissolve the injunction, the court must hold an evidentiary hearing where the plaintiff must go forward with evidence sufficient to sustain the ... grant of temporary injunc-tive relief. Further, the opposing party must have an opportunity to demonstrate that the allegations relied on by the court are not true.”) (citations and quotations omitted).
We remand with instructions that the circuit court hold an evidentiary hearing on the motion to dissolve, at which the lender shall have the burden to present evidence sufficient to grant injunctive relief, The court must give the borrower an opportunity to dispute the allegations. If the court determines that an injunction is appropriate, it must make the required findings. See id. (“On remand, if an evi-dentiary hearing was not already held, [the appellee] has the burden to present evidence sufficient to grant injunctive relief. The court must give [the appellant] an opportunity to dispute the allegations. If the court determines that an injunction is appropriate, it must make the required findings.”).
The circuit court shall set the evidentia-ry hearing to occur within five days of the issuance of our mandate. See Fla. R. Civ. P. 1.610(d) (2011) (“If a party moves to *931 dissolve or modify, the motion shall be heard within 5 days after the movant applies for a hearing on the motion.”); Tsiperfal v. Ohio Sav. Sec., Inc., 756 So.2d 1087, 1088 (Fla. 4th DCA 2000) (granting petition for writ of mandamus to compel the trial court to set a prompt hearing on the petitioner’s motion to dissolve a temporary injunction, where the trial court did not hear the motion on its merits within five days of the petitioner’s request for a hearing pursuant to rule 1.610(d)).[2]
On the appeal of the severance order, we treat the appeal as a petition for writ of certiorari. See Fla. R. App. P. 9.040(c) (2011) (“If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought.”). “Certiorari is an appropriate remedy for orders severing or bifurcating claims which involve interrelated factual issues because severance risks inconsistent outcomes.” Kavouras v. Mario City Rest. Corp., 88 So.3d 213, 214 (Fla. 3d DCA 2011). “[A] party seeking review through a petition for writ of certiorari must demonstrate: (1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law.” Nader v. Fla. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712, 721 (Fla.2012) (citation, quotations, and brackets omitted).
Here, the borrower has demonstrated that the severance order departs from the essential requirements of the law because the parties’ claims are inextricably interwoven. See Maris Distrib. Co. v. Anheuser-Busch, Inc., 710 So.2d 1022, 1024 (Fla. 1st DCA 1998) (“Although the matter of separation of the issues to be tried rests in the trial court’s discretion ... [i]t is improper to sever a counterclaim and affirmative defenses from the plaintiffs claim, when the facts underlying the claims of the respective parties are inextricably interwoven.”) (citations and quotations omitted). The parties’ claims are inextricably interwoven because the borrower’s affirmative defenses and counterclaims allege the lender committed misconduct regarding the loan agreement. Accordingly, if we allow the borrower’s affirmative defenses and counterclaims to remain severed, then a final judgment in the lender’s favor on its claim will moot the borrower’s affirmative defenses and counterclaim, leaving the borrower no adequate remedy on appeal. Thus, we grant the petition and quash the severance order. See Norris v. Paps, 615 So.2d 735, 737 (Fla. 2d DCA 1993) (granting petition for writ of certiorari where the circuit court severed the defendant’s compulsory counterclaim from the plaintiffs equitable claim and the claims raised common issues). The circuit court shall try all claims together, with a jury to decide any legal claims and the court to decide any equitable claims.
*932 On the appeal of the dismissal order, we lack jurisdiction and dismiss that part of the appeal. The dismissal order was with leave to amend the affected counterclaims. See Mossel v. Mossel, 424 So.2d 979, 980 (Fla. 4th DCA 1983) (dismissing appeal of circuit court’s dismissal of counterclaim with leave to amend because “[a]n order dismissing a complaint with leave to amend is a non-appealable non-final order.”) (citation omitted).
Appeal reversed in part and dismissed in part; petition for writ of certiorari granted; remanded with instructions.[3]
Taylor and Ciklin, JJ., concur.

. The foregoing principle does not apply to sections 83.232(1) and 83.60(2), Florida Statutes (2011), which require tenants to deposit rent payments into the court registry while an action for possession is pending. Although landlords often seek orders to compel such payments, those statutes are self-executing. See Park Adult Residential Facility, Inc. v. Dan Designs, Inc., 36 So.3d 811, 813 (Fla. 3d DCA 2010) (where the tenant failed to deposit the rent in the court registry, the trial court was statutorily required to enter an immediate default and writ of possession, regardless of the tenant’s reason for failing to make the deposit). Also inapplicable is Florida Rule of Civil Procedure 1.600 (2011), which allows a *930 party to deposit a sum of money into the court registry in an action in which the relief sought is a judgment for the sum of money or the disposition of the sum of money. See Morroni v. Fisher, 647 So.2d 127, 129 (Fla. 2d DCA 1994) ("[Rule 1.600] contemplates only a voluntary deposit of funds. It is permissive in nature and does not allow a trial court to enter an order compelling an unwilling party to deposit a disputed sum into the court regis-tiy.") (emphasis added; citation omitted).

. We do not reach the borrower's argument that the lender's action is actually an action at law for damages, for which equitable relief, such as a temporary injunction requiring a deposit into the court registry, would be unavailable. See CMR, 593 So.2d at 594 ("It is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for an order requiring the deposit of the amount in controversy into the registry of the court ... or indeed for any restraint upon the use of a defendant’s unrestricted assets prior to the entry of judgment.”) (citations and quotations omitted): St. Lawrence Co., N.V. v. Alkow Realty, Inc., 453 So.2d 514, 515 (Fla. 4th DCA 1984) ("An action at law is not transformed to one in equity simply by requesting an injunction.”) (citation omitted). We leave that argument for the circuit court to review in the first instance at the evidentia-ry hearing or at any further hearing as necessary.

. The record indicates that the circuit judge who entered the orders on appeal recused from the case, for reasons unrelated to the orders, just before the borrower filed the notice of appeal. This court directs its instructions on remand to the circuit judge to whom the case has been re-assigned.