DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BAUTISTA REO U.S., LLC,** a Delaware limited liability company,
Appellant,

v.

**ARR INVESTMENTS, INC.,** a Florida corporation,
Appellee.

No. 4D16-3658

[July 19, 2017]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. CACE-16-017788 (21).

Denise Dell-Powell and Christopher R. Thompson of Burr & Forman, LLP, Orlando, for appellant.

Andrew C. Hill and John W. Zielinski of NeJame Law, P.A., Orlando, for appellee.

PER CURIAM.

Bautista REO U.S., LLC ("Bautista REO"), appeals a non-final order granting ARR Investment, Inc.'s ("ARR") motion for temporary injunction. Because ARR failed to establish irreparable harm with no adequate remedy at law, we reverse.

### Factual Background

ARR is the owner and holding company of five daycare facilities in Florida. In April of 2003, ARR and Doral Bank, predecessor in interest to Bautista REO, entered into a loan transaction for $1,550,000. As evidence of the loan, ARR and Doral Bank executed a Loan and Security Agreement. Pursuant to the Loan and Security Agreement, and as security for the loan, ARR granted Doral Bank two mortgages: one mortgage on two parcels of ARR's real property in Broward County (the "first mortgage"), and a collateral mortgage on real property in Pembroke Pines (the "collateral mortgage"). The Loan and Security Agreement provided that the collateral mortgage would secure a $250,000 demand note, plus 7.65% interest, executed by ARR. All of the notes and mortgages were executed on the

same day as part of one transaction. The collateral mortgage is the subject of the underlying litigation.

In 2011, ARR refinanced the loan documents with City National Bank of Florida ("City National"). ARR then defaulted on its payment obligations under the loan documents. City National filed a foreclosure complaint seeking to foreclose on its first mortgage interest in the Pembroke Pines property. In the complaint, City National named both ARR and Bautista REO as defendants with an interest in the property.

In order to pay off City National and avoid foreclosure, ARR entered into a purchase and sale agreement to sell the Pembroke Pines property to a third party. After several extensions, the closing was scheduled to occur on October 31, 2016. In the course of the transaction, a title search revealed that Doral Bank never released the collateral mortgage, as ARR claims it should have in the course of the 2011 refinance. Instead, the collateral mortgage was assigned to Bautista REO, along with the $1,550,000 loan.

In September of 2016, ARR requested that Bautista REO provide an estoppel letter identifying the amount of indebtedness due under the collateral mortgage. Bautista REO, through Capital Crossing Servicing, Inc., the servicer for the loan, provided ARR with an estoppel letter which provided a total payoff amount of $478,534.72.

Subsequently, ARR filed a verified four-count complaint against Bautista REO alleging: (1) violation of section 701.04(1), Florida Statutes (2016); (2) interference with a contractual relationship, including a request for injunctive relief to enjoin Bautista REO from interfering with ARR's purchase and sale contract for the subject property and to compel Bautista REO to issue an estoppel letter in the amount of $250,000; (3) an action for declaratory judgment to determine whether the collateral note and collateral mortgage entitle Bautista REO to recover any amounts over $250,000 (interest, fees, costs); and (4) an action for Bautista REO's violations of Florida usury laws under sections 687.04 and 687.071, Florida Statutes (2016).

That same day, ARR sought a temporary injunction enjoining Bautista REO from continuing to violate sections 687.04, 687.071, and 701.04, Florida Statutes, and from tortiously interfering in the real estate sales contract regarding the Pembroke Pines property, and requiring Bautista REO to immediately issue an estoppel letter in the amount of $250,000 without additional charges.

Bautista REO responded, arguing that ARR had not met its burden of demonstrating that it was entitled to injunctive relief. Bautista REO argued it timely provided the requested estoppel letter, in the amount which reflected properly accrued interest, as provided for in the collateral note. Bautista REO asserted that even if the trial court finds that it wrongfully included interest or included usurious interest, requiring it to issue an estoppel letter for $250,000 would permanently alter Bautista REO's rights in the subject property. Bautista REO also argued ARR failed to establish irreparable harm because it can be adequately compensated by a monetary award and failed to establish its likelihood of success on the merits.

A hearing on ARR's motion for temporary injunction was held on October 24, 2016.

### *Order Granting Temporary Injunction*

On October 27, 2016, the trial court entered an order granting the temporary injunction. The order required Bautista REO to release the $250,000 collateral mortgage against the Pembroke Pines property. The order further required ARR to deposit $250,000 with the Broward County Circuit Court Clerk Registry within two business days of the closing of the Pembroke Pines property.

Bautista REO filed an emergency motion in the trial court to increase the bond amount, or, alternatively, to stay the injunction. The emergency motion was denied without a hearing.[1] This Court granted Bautista REO's motion for stay pending this appeal.

### *Analysis*

We employ a mixed standard of review. "To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review." *Foreclosure FreeSearch, Inc. v. Sullivan,* 12 So. 3d 771, 774 (Fla. 4th DCA 2009) (quoting *E.I. DuPont De Nemours & Co. v. Bassett,* 947 So. 2d 1195, 1196 (Fla. 4th DCA 2007)).

To be entitled to a temporary injunction, a party must prove that: "'(1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary

---

[1] The emergency motion was denied by a different judge.

3

injunction will serve the public interest.'" *Minty v. Meister Fin. Grp., Inc.*, 97 So. 3d 926, 930 (Fla. 4th DCA 2012) (quoting *Burtoff v. Tauber*, 85 So. 3d 1182, 1183 (Fla. 4th DCA 2012)).  The party seeking the injunction has the burden to provide competent substantial evidence, and the court's order must contain "[c]lear, definite, and unequivocally sufficient factual findings" to support each of the four elements.  *Concerned Citizens for Judicial Fairness, Inc. v. Yacucci*, 162 So. 3d 68, 72 (Fla. 4th DCA 2014) (alteration in original) (quoting *Liberty Fin. Mortg. Corp. v. Clampitt*, 667 So.2d 880, 881 (Fla. 2d DCA 1996)).

"A temporary injunction is an extraordinary remedy which should be granted sparingly." *Gooding v. Gooding*, 602 So. 2d 615, 616 (Fla. 4th DCA 1992).  "The primary purpose of a temporary injunction is to preserve the status quo while the merits of the underlying dispute are litigated." *Gawker Media, LLC v. Bollea*, 129 So. 3d 1196, 1199 (Fla. 2d DCA 2014) (quoting *Manatee Cty. v. 1187 Upper James of Fla., LLC*, 104 So. 3d 1118, 1121 (Fla. 2d DCA 2012)); *accord City of Miami Springs v. Steffen*, 423 So. 2d 930, 931 (Fla. 3d DCA 1983).  In this case, ARR failed to establish irreparable harm and that there was no adequate remedy at law.

### Irreparable Harm

"[A]n injury is irreparable where the damage is estimable only by conjecture, and not by any accurate standard."  *Hatfield v. AutoNation, Inc.*, 939 So. 2d 155, 157 (Fla. 4th DCA 2006) (alteration in original) (quoting *JonJuan Salon, Inc. v. Acosta*, 922 So. 2d 1081, 1084 (Fla. 4th DCA 2006)).  Irreparable harm is not established if the harm can be adequately compensated by a monetary award.  *B.G.H. Ins. Syndicate, Inc. v. Presidential Fire & Cas. Co.*, 549 So. 2d 197, 198 (Fla. 3d DCA 1989).

The trial court erred in finding ARR established irreparable harm because of the potential that they would lose the property to foreclosure sale at a significantly reduced price than that under the purchase and sale agreement. The initiation of foreclosure proceedings does not constitute irreparable harm. *See Reserve at Wedgefield Homeowners' v. Dixon*, 948 So. 2d 65, 67-68 (Fla. 5th DCA 2007) (holding that threat of foreclosure proceedings and potential loss of property does not constitute irreparable harm).  The only potential loss is economic, which can be adequately remedied by monetary damages.

### Adequate Remedy at Law

The trial court held that "[d]ue to the numerous changes in ownership, an adequate remedy at law is not present when the loan

documents are subject to additional future assignments." The trial court erred in finding there is no adequate remedy at law.

The harm alleged by ARR is that it would suffer the loss of the Pembroke Pines property at a foreclosure sale, which might result in a lower sale price than that in the purchase and sale agreement. However, such a loss could be remedied by monetary damages. *See 3299 N. Fed. Highway, Inc. v. Bd. of Cty. Comm'rs of Broward Cnty.*, 646 So. 2d 215, 220 (Fla. 4th DCA 1994).

The fact that the damages may not be collectible is irrelevant. *See Hiles v. Auto Bahn Fed'n, Inc.,* 498 So. 2d 997, 999 (Fla. 4th DCA 1986) ("The possibility that a money judgment, once obtained, will not be collectible is irrelevant under the test of inadequacy of remedy at law.").

Because ARR failed to prove that it would incur irreparable harm with no adequate remedy on appeal, the court erred in granting the temporary injunction. We therefore reverse and direct the trial court to dissolve the injunction.

*Reversed and remanded with directions.*

WARNER, DAMOORGIAN and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**