DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS G. HINNERS, MARY J. WAMSER,**
and **FLORIDA AFFORDABLE HOUSING, INC.,**
Appellants,

v.

**BRIAN J. HINNERS,**
Appellee.

No. 4D20-1320

[March 3, 2021]

Appeal of nonfinal orders from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gerald Joseph Curley Jr., Judge; L.T. Case No. 50-2017-CA-009076-XXXX-MB.

Michael J. Pike and Daniel Lustig of Pike & Lustig, LLP, West Palm Beach, for appellants.

Michael H. Nullman of Nason, Yeager, Gerson, Harris & Fumero, P.A., Palm Beach Gardens, for appellee.

PER CURIAM.

Appellants Tom Hinners, Mary Wamser, and Florida Affordable Housing, Inc. ("FAHI") timely appeal nonfinal orders denying their motion for prejudgment writ of replevin and granting a temporary injunction in favor of Appellee Brian Hinners. Appellants' prejudgment writ of replevin should have been granted in part, and the temporary injunction should not have been entered. We reverse in part. This Court has jurisdiction over appeals from orders granting injunctions or determining the right to immediate possession of property. Fla. R. App. P. 9.130(a)(3)(B), (a)(3)(C)(ii).

**Background**

In 2016, Tom and Brian entered into the Hinners Trust Agreement ("Agreement") providing that Tom and Brian would have equal control and ownership of each of the family business entities, including FAHI. Some provisions of the Agreement required amendments to certain

entities' bylaws. FAHI's bylaws were to be amended so that Tom and Brian must agree on designating directors. At the time of signing, Tom, Mary, and Brian were FAHI's directors, but Mary was not a party to the Agreement. FAHI's bylaws were never amended, and Brian did not seek to have them amended in the underlying case.

In August 2017, Brian sued Tom, Mary, and several of the business entities regarding the governance and liquidity of the entities.

Prior to the suit, Tom and Mary voted to remove Brian as a signatory of FAHI's bank accounts, and Brian's company health insurance was terminated because he did not pay his share of the group policy through another business entity. He obtained private health insurance thereafter.

In November 2019, Tom and Brian entered into a written agreement that allowed Brian and his family to be added back to FAHI's group health insurance if Brian paid his share through the other business entity. Brian never rejoined the group health insurance and instead filed a motion to compel issuance of benefits. He wanted to be made a "contract signer" on the entities' payroll provider to control enrollment in the group policy. He did not request any injunctive relief.

The trial court held a non-evidentiary hearing on Brian's motion to compel and entered an order requiring Appellants to provide Brian with health insurance but did not make Brian a contract signer. The trial court ordered Brian to pay a $1,000 bond without holding an evidentiary hearing.

FAHI generated income through management fees of an affordable housing development, which were typically wired to FAHI twice per year. For some reason, the housing development mailed two checks made payable to FAHI instead of wiring the funds. Brian intercepted the checks and claims he deposited the funds into a corporate bank account in FAHI's name, though he would not disclose the bank, and the trial court did not compel him to do so.

FAHI sought a writ of replevin to recover the funds, or if the funds were deposited, the checkbook and check card of the bank account. FAHI argued it was entitled to immediate possession because its bylaws provided that "[t]he Treasurer shall retain custody of all corporate funds and financial records." FAHI's annual report, which was filed by Brian in May 2019, provides that Tom is Treasurer. The trial court denied FAHI's motion and found that replevin was not available to recover deposited

funds in a bank account and that FAHI had not met the statutory burden to establish the right to replevin.

## **Analysis**

### *Injunction*

Appellants argue that the trial court erred and denied them due process by issuing a temporary injunction that Brian did not request.

"The party seeking the injunction must prove: (1) it will suffer irreparable harm unless the injunction is entered, (2) there is no adequate remedy at law, (3) there is a substantial likelihood that the party will succeed on the merits, and (4) that considerations of the public interest support the entry of the injunction." *Concerned Citizens for Judicial Fairness, Inc. v. Yacucci*, 162 So. 3d 68, 72 (Fla. 4th DCA 2014). "Clear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a preliminary injunction." *City of Jacksonville v. Naegele Outdoor Advert. Co.*, 634 So. 2d 750, 754 (Fla. 1st DCA 1994).

Brian's motion to compel did not request injunctive relief requiring Appellants to provide him with health insurance. Brian's only reference to a temporary injunction was the final paragraph of his post-hearing memorandum, which contained conclusory statements that he would suffer irreparable harm with no remedy at law and was likely to succeed on the merits.

An injunction entered in the absence of proper pleading and without an evidentiary hearing is a violation of due process. *See DeMaio v. Starr*, 791 So. 2d 1116, 1117 (Fla. 4th DCA 2000) ("Without pleadings to support a request for relief and the right to be heard on the issue, the entry of a temporary injunction in favor of appellee over appellant's objection was error."). In this case, the trial court entered a temporary injunction without a proper pleading and without an evidentiary hearing.

Further, the injunction did not meet the requirements of Rule 1.610, which allows for the entry of a temporary injunction without notice if the movant shows: (1) that immediate, irreparable harm will result before the adverse party can be heard and (2) the movant's attorney certifies in writing any efforts made to give notice and reasons why notice should not be required. Fla. R. Civ. P. 1.610(a)(1).

Appellants also argue that Brian did not establish the four elements required for issuance of a temporary injunction. The trial court found that, if Appellants did not provide insurance, Brian could suffer irreparable harm due to the inability to obtain medical treatment. The court concluded that Brian had no adequate remedy at law because damages would not be a solution for the potential absence of medical coverage. These findings are not supported by the record.

Brian is not at risk of irreparable harm due to lack of insurance coverage because he has private insurance. He noted in his motion to compel that the cost of private insurance is approximately double the cost of the group policy. Those additional costs can be remedied with monetary damages. "Irreparable harm is not established if the harm can be adequately compensated by a monetary award." *Bautista REO U.S., LLC v. ARR Invs., Inc.*, 229 So. 3d 362, 365 (Fla. 4th DCA 2017).

Appellants also argue the trial court erred by requiring Brian to pay a $1,000 bond without holding an evidentiary hearing. We agree. "No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." Fla. R. Civ. P. 1.610(b). "[B]oth parties must be provided with the opportunity to present evidence regarding the appropriate amount of the injunction bond." *Offshore Marine Towing, Inc. v. Sea Tow Servs. Int'l, Inc.*, 778 So. 2d 510, 511 (Fla. 4th DCA 2001).

### *Replevin*

Generally, "[t]he action of replevin is not available to recover a sum of 'money' claimed by the plaintiff and 'possessed' by the plaintiff only in the form of 'funds' on deposit in the defendant's bank checking account." *Williams Mgmt. Enters., Inc. v. Buonauro*, 489 So. 2d 160, 168 (Fla. 5th DCA 1986). The property must be capable "of being specifically described in a writ of replevin and located, identified, and seized by the sheriff executing the writ." *Id.* at 163.

If Brian deposited the checks, then replevin is not available to recover those funds. However, Appellants are entitled to possession of the checkbook and check card of the bank account.

In *Land-Cellular Corp. v. Zokaites*, 463 F. Supp. 2d 1348 (S.D. Fla. 2006), the defendant sought a writ of replevin to recover funds from the plaintiff's bank account and the checkbook. *Id.* at 1352. The Southern

District relied on *Williams* and found that the funds in the bank account were not recoverable and "neither is Defendant entitled to recover Plaintiffs' checkbooks, as the issue in this case is the intangible debt represented by the checkbooks, rather than possession of the checkbooks themselves." *Id.* at 1353.

Brian relies on *Land-Cellular* for the proposition that the checkbook and check card are not recoverable, but this case is distinguishable. In *Land-Cellular*, the defendant sought possession of *the plaintiff's* checkbook. Here, the bank account was allegedly opened in FAHI's name, so the check card and checkbook belong to FAHI.

Appellants established an immediate right to possession of the check card and checkbook. FAHI's bylaws provide that the Treasurer of FAHI shall retain custody of corporate funds. On May 1, 2019, Brian filed FAHI's Annual Report, which shows that Tom is Treasurer. Although Tom and Brian entered into the Agreement, FAHI's bylaws were never amended and remain the controlling authority. *See Clark v. Bluewater Key RV Ownership Park*, 197 So. 3d 59, 62 (Fla. 3d DCA 2012).

The trial court also improperly reasoned that alleged set-offs "between Brian and Tom, and Brian and FAHI, and Brian, Tom and the other [business entities]" made forcing prejudgment conveyance of monies premature. The recourse for potential set-offs is money damages, not retention of the property subject to replevin. *See Prestige Rent-A-Car, Inc. v. Advantage Car Rental & Sales, Inc. (ACRS)*, 656 So. 2d 541, 545 (Fla. 5th DCA 1995).

Finally, Appellants argue that the trial court analyzed its motion under the incorrect statute. FAHI sought relief pursuant to sections 78.065 and 78.067, Florida Statutes. The trial court order denying FAHI's motion relies upon section 78.068, which imposes a higher standard for obtaining a writ of replevin without notice and hearing. *Compare* § 78.067(2), Fla. Stat. (2019) *with* § 78.068, Fla. Stat. (2019). Section 78.068 is inapplicable to this case because there was notice and hearing. *See Brown v. Reynolds*, 872 So. 2d 290, 294 (Fla. 2d DCA 2004). The trial court should have analyzed FAHI's motion under section 78.067, not section 78.068.

## Conclusion

The trial court erred in entering the temporary injunction and denying Appellants' prejudgment writ of replevin. We reverse in part and remand for the trial court to dissolve the temporary injunction and issue a

prejudgment writ of replevin granting FAHI possession of the checkbook and check card.

*Reversed in part and remanded with instructions.*

LEVINE, C.J., GROSS and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**