DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGE LEPOSKY,**
Appellant,

v.

**GLORIA EGO,**
Appellee.

No. 4D22-639

[October 14, 2022]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey Levenson, Judge; L.T. Case No. PRC19-4258.

Terrence P. O'Connor of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellant.

Meredith A. Chaiken of Whitelock & Associates, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

Appellant, George Leposky, appeals a nonfinal order freezing four of his bank accounts along with "any other accounts" titled in his name at American Express Bank FSB and Regions Bank. The order was entered in response to an unverified motion to freeze assets filed by Appellant's wife's court-appointed guardian. For the reasons discussed below, we reverse.

By way of background, Appellant's wife was placed in an assisted living facility after she suffered a stroke. While at the facility, the wife filed a petition for dissolution of marriage. In response, Appellant filed a petition to determine incapacity of the wife. Ultimately, the guardianship court declared the wife partially incapacitated and appointed a limited guardian. Shortly thereafter, the guardianship court issued an order requiring Appellant to produce "all information relating to the American Express joint asset account." Appellant objected, arguing he closed the joint account shortly after the wife suffered her stroke. The guardian then filed an unverified, emergency motion to freeze Appellant's assets, alleging Appellant transferred the funds from the joint account into accounts in his name only to hide and deplete the joint funds. The motion contained no factual allegations to support each prong of the four-part temporary injunction test.

The matter ultimately proceeded to an emergency hearing before the guardianship court. Appellant, who received notice of the hearing, appeared with counsel. Although Appellant's counsel was permitted to briefly present argument during the hearing, the court refused to allow Appellant to testify or present any evidence, telling the parties: "we're not here for an evidentiary hearing." At the conclusion of the hearing, the court orally granted the guardian's motion "[b]ased on the record before the Court and based on the extensive history of the case." The court thereafter entered a written order temporarily freezing all of Appellant's accounts titled in his name only with American Express Bank FSB and Regions Bank. The order contained no findings as to each prong of the four-part temporary injunction test, and failed to set a bond. This appeal follows.

From the outset, we note that although the guardianship court did not use the words "temporary injunction" in its order, an order temporarily freezing assets is effectively an order granting a temporary injunction. *See generally Bieda v. Bieda*, 42 So. 3d 859 (Fla. 3d DCA 2010). As such, the laws and rules governing temporary injunctions apply in this case. *See In re Guardianship of Schiavo*, 792 So. 2d 551, 562 (Fla. 2d DCA 2001) (applying the general law relating to temporary injunctions in a guardianship case); *Merrett v. Nagel*, 564 So. 2d 229, 230–32 (Fla. 5th DCA 1990) (applying Florida Rule of Civil Procedure 1.610, which governs temporary injunctions, in a guardianship case).

"To be entitled to a temporary injunction, a party must prove that: (1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest." *Bautista REO U.S., LLC v. ARR Invs., Inc.*, 229 So. 3d 362, 364 (Fla. 4th DCA 2017) (citation and internal quotation marks omitted). "The party seeking the injunction has the burden to provide competent substantial evidence, and the court's order must contain [c]lear, definite, and unequivocally sufficient factual findings to support each of the four elements." *Id.* at 365 (alteration in original) (citation and internal quotation marks omitted).

We reverse the order freezing Appellant's assets for three reasons. First, the guardian's motion failed to contain sufficient factual allegations to support entry of a temporary injunction. *See Swensen v. Lofton*, 457 So. 2d 1069, 1070 (Fla. 2d DCA 1984) (reversing a temporary injunction because the motion failed to set forth sufficient factual allegations to support a showing of irreparable damage). Second, the guardianship court violated Appellant's due process rights by not allowing him to testify or present countervailing evidence of why a temporary injunction should not issue. *See Hinners v. Hinners*, 312 So. 3d 938, 942 (Fla. 4th DCA 2021) (recognizing that the entry of a temporary injunction without an evidentiary hearing violates due process); *Platinum Coast Fin. Corp.*

*v. Farino's, Inc.*, 662 So. 2d 724, 724 (Fla. 2d DCA 1995) (reversing a temporary injunction where the trial court "failed to permit the appellants to present countervailing evidence of why a temporary injunction should not issue"). Third, the order is facially deficient because it contains no factual findings to support each prong of the four-part temporary injunction test, and further fails to require a bond. *See Shir Law Grp., P.A. v. Carnevale*, 317 So. 3d 211, 214 (Fla. 3d DCA 2021) (reversing temporary injunction because "the order failed to contain sufficient factual findings to support each prong of the four-part injunction test, and the lower court failed to set an appropriate bond"); *see also* Fla. R. Civ. P. 1.610(b) ("No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined.").

*Reversed and remanded.*

DAMOORGIAN, LEVINE and FORST, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

3