DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS BRIAN LANIGAN,**
Appellant,

v.

**MONICA LANIGAN,**
Appellee.

No. 4D22-727

[January 18, 2023]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Davis, Judge; L.T. Case No. FMCE21012947.

Amy D. Shield and Roger Levine of Shield & Levine, P.A., Boca Raton, for appellant.

No brief filed for appellee.

PER CURIAM.

Thomas Brian Lanigan, the Husband in a marital dissolution action, appeals an order partially granting his motion to dissolve an ex-parte injunction precluding the sale of a real property owned by a non-party. He appeals because the order partially dissolving the injunction required any sales proceeds be held in his attorney's trust account until further court order. Because "an order temporarily freezing assets is effectively an order granting a temporary injunction," *Leposky v. Ego*, 348 So. 3d 1160, 1162 (Fla. 4th DCA 2022), we have jurisdiction and reverse.

Husband first argues the circuit court failed to make the requisite four findings to warrant the injunctive relief. He also argues the circuit court erred when it essentially enjoined a "non-party," a limited liability company controlled by his mother.[1] Finally, he argues that no irreparable

---

[1] The non-party limited liability company was later added as a party. The Husband argues that the addition of the non-party did not cure the deficiency. Because we reverse the injunction on other grounds, we need not resolve this issue.

harm can be shown since cash is fungible and there are other assets to compensate wife should she eventually prove entitlement to the funds at issue.

The ex-parte injunction order stated, in its entirety:

1. Unless the relief sought is granted, the Wife will suffer irreparable harm.
2. The Wife has no adequate remedy at law.
3. The Wife's EX-PARTE VERIFIED EMERGENCY MOTION FOR TEMPORARY INJUNCTION TO PREVENT DISSIPATION OF MARITAL ASSETS is GRANTED.
4. The Husband is hereby restrained and enjoined from transferring, removing, selling, conveying, pledging, or changing the status of the parties' martial assets. More specifically, the Husband is hereby restrained and enjoined from selling the property located [in Pompano Beach, Florida] until further order of the court.
5. The Wife shall post a bond in the amount of $50.00 with the clerk of courts.
6. The Wife shall serve a copy of this order on Husband's counsel.

In the order partially dissolving the ex-parte injunction, the court stated, in its entirety:

1. The Husband's Motion to Dissolve Order/Injunction Issued Ex-Parte is GRANTED.
2. The net proceeds from the sale of the property [ ] owned by Windward Pompano, LLC shall be held in the trust account of Husband's Counsel until further order of the Court.
3. Both parties shall comply with Administrative Order No. 2019-15-UFC.
4. The Court reserves jurisdiction to enforce and/or modify this order.

We agree with the Husband that the court's orders failed to make the four findings necessary to support injunctive relief. Generally, for entitlement to a temporary injunction, "a party must prove that: '(1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest." *Id.* (quoting *Bautista REO U.S.,*

*LLC v. ARR Invs., Inc.*, 229 So. 3d 362, 364 (Fla. 4th DCA 2017)). And if the court grants the request for injunctive relief, the "court's order must contain 'clear, definite, and unequivocally sufficient factual findings to support each of the four conclusions necessary to justify entry of a preliminary injunction.'" *Olson v. Olson*, 260 So. 3d 367, 369 (Fla. 4th DCA 2018) (quoting *City of Jacksonville v. Naegele Outdoor Advert. Co.*, 634 So. 2d 750, 754 (Fla. 1st DCA 1994)).

Neither the court's order granting the ex-parte injunction nor the order partially dissolving the injunction set forth a factual basis to show the Wife's entitlement to relief. As a result, we reverse the court's order and remand for further proceedings. We do so without prejudice to the Wife's right to renew the request for injunctive relief and express no opinion about the merits of her entitlement to any such relief.

*Reversed and remanded.*

KLINGENSMITH, C.J., LEVINE and KUNTZ, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***