DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SUSAN LORRAINE CARON,**
Appellant,

v.

**ROBERT MICHAEL CARON** a/k/a **ROBERT MICHEAL CARON,**
Appellee.

No. 4D2025-0440

[November 19, 2025]

Appeal of nonfinal orders from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lillian B. Ewen, Judge; L.T. Case No. 562023DR000091.

Amanda B. Haberman and Liliana Loebl of Kaplan Loebl, PLLC, Aventura, for appellant.

Amy D. Shield and Roger Levine of Shield & Levine, P.A., Boca Raton, for appellee.

PER CURIAM.

The former wife in a post-judgment dissolution case appeals an ex parte order prohibiting her from removing or disposing of any contents of the marital home and an order denying her motions to dissolve and modify the ex parte order. We reverse because the ex parte order does not meet the requirements for a temporary injunction, and the trial court erred in failing to hold an evidentiary hearing on the former wife's motions to dissolve and modify the order.

## Background

The parties' marriage was dissolved in December 2024 by a final judgment incorporating a marital settlement agreement (MSA). The MSA stipulated that the marital home would be listed for sale by a certain date. The parties agreed to "mutually divide" the home's contents, aside from their personal belongings, and to attend mediation if they could not reach an agreement on how to divide those belongings.

In February 2025, the former husband filed a verified motion seeking an ex parte order prohibiting the former wife from removing or disposing of any furniture or other personal property from the marital home. He alleged that the parties had not mutually divided the property nor attended mediation, yet the former wife had already removed many items from the home and was advertising an estate sale beginning the next day.

That same day, the trial court entered an ex parte order granting the former husband's motion. The court ordered the former wife to cancel the estate sale and prohibited her from "selling, concealing, moving or otherwise disposing of any contents of the marital home."

The next day, the former wife filed a motion to dissolve the ex parte order. She disputed the former husband's allegations and argued that the trial court's order was legally deficient because it did not contain sufficient factual findings to support the entry of a temporary injunction and did not require the former husband to post a bond. She asked the court to either vacate the order or hold an evidentiary hearing within five days as required by Florida Family Law Rule of Procedure 12.605(d).

About five days later, the former wife filed a motion to modify the ex parte order. She asked the trial court to allow her to move the home's contents into a storage unit until the parties could agree to divide the contents under the MSA's terms, citing the need to comply with a pending contract to sell the home.

The trial court denied both of the former wife's motions without a hearing. The trial court construed the motions as seeking clarification of the ex parte order and found that no clarification was needed. The court reminded the former wife that she was bound by the MSA's terms and reiterated that she was prohibited from selling, concealing, moving or otherwise disposing of any contents from the home without complying with those terms.

The former wife filed a timely notice of appeal. She maintains that the ex parte order constitutes a temporary injunction and is legally deficient as such, and she argues that the trial court erred in denying her motions to dissolve and modify the order without holding an evidentiary hearing.

## Analysis

We agree with the former wife that the ex parte order constitutes a temporary injunction, even though it is not titled as such, because the relief which the order grants is injunctive in nature. *See, e.g., Leposky v.*

*Ego*, 348 So. 3d 1160, 1162 (Fla. 4th DCA 2022); *Minty v. Meister Financialgroup, Inc.*, 97 So. 3d 926, 929 (Fla. 4th DCA 2012); *see also Wayne's Aggregate & Materials, LLC v. Lopez*, 391 So. 3d 633, 635 (Fla. 5th DCA 2024) (stating that "a temporary injunction by any other name is still a temporary injunction").[1]  We, therefore, have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(B) to review both the ex parte order and the order denying the former wife's motions to dissolve and modify the order.  Our review is de novo because the trial court did not make any factual findings, and the issues presented are purely legal. *See Minty*, 97 So. 3d at 929-30.

We reverse both orders, concluding that the trial court erred in three respects.

First, the ex parte order did not contain sufficient findings to support the entry of a temporary injunction.  *See* Fla. Fam. L. R. P. 12.605(c) (stating that "[e]very injunction must specify the reasons for entry"); *Leposky*, 348 So. 3d at 1162; *Minty*, 97 So. 3d at 930.  The findings required for entry of a temporary injunction are:  "(1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest."  *Minty*, 97 So. 3d at 930 (citation omitted).

Second, the trial court erred in entering a temporary injunction without requiring the former husband to post a bond.  *See* Fla. Fam. L. R. P. 12.605(b) ("No temporary injunction may be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined."); *Leposky*, 348 So. 3d at 1162; *Minty*, 97 So. 3d at 930.

---

[1] We reject the former husband's argument that the ex parte order does not constitute a temporary injunction because it merely enforces the terms of the MSA as incorporated into the final judgment.  The order does not require performance of a specific agreement or court order as to the division of the home's contents.  *See generally* Fla. Fam. L. R. P. 12.570(c).  Instead, the order prohibits the former wife from taking certain actions with respect to those items in an effort to maintain the status quo until the items can be divided under the MSA's terms. *See Cone v. Anderson*, 944 So. 2d 1073, 1074 (Fla. 1st DCA 2006) ("If the language of an order is injunctive in nature, the order must comply with the requirements for the issuance of an injunction, even if the trial court merely intended to preserve the status quo in the order.").

Third, and finally, the trial court erred in failing to hold an evidentiary hearing on the former wife's motions to dissolve and modify the ex parte order. If the party against whom an ex parte temporary injunction has been entered moves to dissolve the injunction, the court must hold an evidentiary hearing, at which the party who sought the injunction bears the burden of presenting sufficient evidence to sustain it. *Minty*, 97 So. 3d at 930; *Burtoff v. Tauber*, 85 So. 3d 1182, 1183-84 (Fla. 4th DCA 2012); Fla. Fam. L. R. P. 12.605(d) (stating that the court must hold a hearing on a motion to dissolve or modify a temporary injunction within five days after the movant requests a hearing). The trial court also must give the opposing party an opportunity to show that the allegations upon which the court relied in entering the temporary injunction are not true. *Minty*, 97 So. 3d at 930; *Burtoff*, 85 So. 3d at 1184; *see also Leposky*, 348 So. 3d at 1162 (recognizing a due process violation occurs when a court does not allow the party against whom a temporary injunction is sought to present evidence as to why the injunction should not issue).

On remand, within five days from the issuance of our mandate, the trial court shall hold an evidentiary hearing on the former wife's motions to dissolve and modify the ex parte order. At the hearing, the former husband will have the burden of presenting sufficient evidence to sustain the grant of injunctive relief, and the former wife must be given an opportunity to present countervailing evidence. If, after hearing the evidence, the trial court determines that an injunction is appropriate, it must make the required findings and require the former husband to post a bond. *See Minty*, 97 So. 3d at 930.

*Reversed and remanded with instructions.*

CIKLIN, GERBER and KLINGENSMITH, JJ., concur.

*        *        *

**Not final until disposition of timely-filed motion for rehearing.**

4